■ In the Matter of the STATE OF NEW YORK by LOUIS J. LEFKOWITZ, as Attorney-General, Respondent, v ITALIAN LINE, Appellant.—Judgment, Supreme Court, New York County, entered February 20, 1976, granting an injunction and restitution under subdivision 12 of section 63 of the Executive Law, is unanimously reversed, without costs and without disbursements, on the law, on the facts, and in the exercise of discretion, and vacated and the petition is dismissed. Following the oil embargo in 1973 and the increase in oil prices, appellant, Italian Line, along with other members of the International Passenger Steamship Association purportedly acting pursuant to provisions in the contracts of passage, imposed a fuel surcharge amounting to $60 or $100 per passenger with respect to sailings after various dates in February and March, 1974. It made this fuel surcharge applicable not only to future sales of tickets but also to tickets and passages theretofore contracted for (provisionally or otherwise), which had not been fully paid for and for which definite (i.e., final) tickets had not yet been issued. Acting pursuant to subdivision 12 of section 63 of the Executive Law, the Attorney-General brought this proceeding in July, 1975, and the court below granted an injunction restraining appellant Italian Line from making increases except where appellant "made complete disclosure of its reserved right to impose such increased costs in all of its tickets, contracts, brochures and advertising material issued to such passenger", and directed respondent to "make a reasonable effort to advise all members of the travel industry of any changes in its services or prices as soon as possible upon determining upon such changes", and directed restitution to passengers who had paid the fuel surcharge. The statute under which this proceeding is brought is predicated upon a showing that the respondent in the proceedings "shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business". (Executive Law, § 63, subd 12.) We do not think that the imposition of this surcharge on previously contracted for passages made a year and one half before the petition in this case can fairly be called "repeated" or "persistent" within the meaning of this statute, whether or not the provisions of the contract were so "unconscionable" as to come within the definition of "fraud" or "fraudulent" in the statute. If we were not dismiss-

ing the petition, we would, in any event, strike the injunctive provisions as the situation appears not to have involved any imminent threat of repetition of this conduct at the time of the bringing of this petition. Concur—Murphy, J. P., Silverman, Capozzoli, Lane and Markewich, JJ.