■ In the Matter of LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v JAMES D. McMILLEN, Appellant, and THERAPEUTIC HYPNOSIS, INC., et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 21, 1976 in Albany County, which granted summary relief in favor of petitioner. The nature and factual background of this proceeding is set forth in our decision of a prior appeal in which summary judgment against two corporations and an individual respondent was reversed with leave granted to answer the petition (Matter of Lefkowitz v Therapeutic Hypnosis, 52 AD2d 1017). Such answers were timely served, but Special Term has once again resolved the matter in a summary fashion in petitioner's favor. This time, however, only the individual respondent, James D. McMillen, has appealed from its judgment. We have examined the contentions urged by him and conclude that they lack merit. CPLR 409 (subd [b]) requires the court to make a summary determination of a special proceeding to the extent that the pleadings and papers raise no triable issues of fact and the same test and standards used when disposing of a motion for summary judgment in an action apply in resolving that question (Matter of Javarone [De Rizzo], 49 AD2d 788). Here, the petition and related documentation contained sufficient allegations of fact to merit the relief sought and triable issues were not raised by the general denials of McMillen's answer (see Iandoli v Lange, 35 AD2d 793). We find nothing in the statute mandating that a supporting affidavit be annexed to the answer (CPLR 403, subd [b]) and, since his was apparently served at least one day before the return date, Special Term incorrectly rejected it as being untimely. Nevertheless, the error in this regard may safely be ignored for it further appears that Special Term did consider the matters stated in that affidavit in arriving at its decision and, in any event, we have fully entertained them without discovering any reason to disturb its ultimate determination. The burden was on McMillen to reveal his proofs and show that his defenses were real and capable of being established. The conclusory assertions recited in that affidavit, even if believable, were simply not enough to meet that burden (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255; Holdridge v Town of Burlington, 32 AD2d 581). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Herlihy, JJ., concur.