*902 OPINION OF THE COURT
Robert C. Williams, J.
Petitioner seeks an order pursuant to subdivision 12 of section 63 of the Executive Law permanently enjoining and restraining the respondent from conducting and transacting its business in a persistently fraudulent and illegal manner. In addition, petitioner seeks an order of this court which would require restitution by respondent of all moneys and funds respondent acquired as a result of the alleged fraudulent and illegal practices.
It is necessary to examine the factual setting of this case prior to discussing the law relevant thereto.
Respondent is a hotel which for a short period of time (from September 14, 1977 until December 23, 1977) agreed to rent rooms to individuals who were students at Sullivan County Community College. In addition to the rental of rooms, respondent agreed to provide those students with two meals per day.
Those students desirous of residing at the respondent hotel were required to execute a "Resident Hotel Agreement” (herein referred to as the agreement).
Pursuant to the terms of this agreement, each resident guest (student) was required to pay $900 for room and board plus a $50 security deposit prior to occupancy. It is the $50 security deposit with which this special proceeding is concerned.
Clause V (6) of the agreement states that "In the event that it cannot be determined who caused or was responsible for the damage to the Hotel property, then a reasonable cost of repair of the damage will be deducted from the deposit fund referred to in III (a). If the damage exceeds the individual damage deposit fund and the person(s) who cause the damage can not be ascertained, or are not financially responsible, then the damage may be deducted from the Group Deposit fund.”
Clause III (a), referred to above, provides as follows: "Each resident guest will pay a $50.00 deposit to hold a room. This sum is nonrefundable and will be applied as the damage deposit. At the end of the term if no damage occurs, this sum will be returned.”
Pursuant to the terms of the above-quoted clause, respondent has not returned the damage deposits to any of the resident guests. Instead, respondent, in a form letter dated January 20, 1978, maintains that the damage deposit fund has *903 been used to cover the "cost of repairing damages to the hotel property [which occurred] during the time” of the students’ occupancy of the hotel premises. Respondent has assessed these damages against all of the students collectively.
Attached to said form letter is a list of the damages "caused to the hotel property for which it cannot be determined who was responsible.” Included in said list of damages is the cost of repainting hallways, rooms, stairwells, handrails, the dining room ceiling, and the cost of repair for broken heat thermostat registers and broken windows and doors.
Petitioner contends that clause V (6) is unconscionable and therefore void and not enforceable as against the students individually or as a whole.
The only argument that respondent asserts in opposition is that "It is general knowledge that to house over 280 students in a facility is very dangerous because of the inability to maintain order among students. Each student who rented a room at the hotel agreed in the hotel agreement to be responsible collectively for damages to the hotel property.”
While it may be true that it is dangerous to rent rooms to a large group of students, the assent of each student to the agreement as a whole does not render the clause in question any less unconscionable. If that were so, the doctrine of unconscionability would become a nullity. "The doctrine of unconscionability is used by the courts to protect those who are unable to protect themselves and to prevent injustice, both in consumer and nonconsumer areas.” (Seabrook v Commuter Housing Co., 72 Misc 2d 6, 10, affd 79 Misc 2d 168.)
It has been held that unequal bargaining powers and the absence of a meaningful choice on the part of one of the parties, together with contract terms which unreasonably favor the other party, may spell out unconscionability. (Williams v Walker-Thomas Furniture Co., 350 F2d 445.)
It is clear that clause V (6) is unconscionable as a matter of law for the reasons set forth below.. Clause V (1) of the agreement requires each student to complete an "inventory form” within 24 hours following the occupancy of his or her room. This form provides "the basis for assessment of any damage and/or loss attributable to the Resident Guest at the termination of the occupancy period.” Clearly, the purpose of this form is to provide a basis to determine the status of the students’ rooms prior to occupancy and after termination of the occupancy. By use of this procedure the respondent could *904 determine the amount of damage occurring during the occupancy.
However, no such procedure is used in order to determine the damage to the remainder of the hotel. Therefore, since no records were apparently kept to determine the damage or the hotel’s need for repair prior to the students’ occupancy, it is clearly not possible for respondent to definitively determine what damage occurred during the students’ occupancy. It is therefore conceivable that this damage fund was used to cover the cost of repairs which were needed prior to the students’ occupancy. It is clearly inequitable to require the students to pay for damages to and depreciation of the hotel prior to their residency.
Secondly, it is clear that the form required by clause V (1) would result only in payment by a student for damages attributable to that student. In contrast thereto, under the terms of clause V (6) each student is required to pay for damages in the event that respondent cannot determine to whom the damage is attributable. This is inherently unfair on its face since an innocent student would then be paying for damages caused by another student.
Another consequence is equally obvious. Pursuant to these terms, the respondent would not be under any compulsion to determine who was responsible for damages. The respondent would know that it would be compensated for the cost of repairs whether the student who caused the damage was ascertained or was not ascertained.
Lastly, clause V (6) requires the students to be collectively liable for those damages caused by a student who happens not to be financially responsible. In that event, even though the damage is known to have been caused by a particular student, the remaining students would be required to compensate the hotel for the wrongful acts of the "judgment proof’ student.
While it may be true that it is dangerous to house a large group of students, the procedure adopted by respondent unreasonably favors the respondent to the detriment of the students, individually and collectively.
As to the unequal bargaining power and the absence of a meaningful choice on the part of one of the parties, respondent has admitted that it agreed to rent rooms "to alleviate a lack of facilities to house students from Sullivan County Community College.” Clearly, respondent was in a superior bargaining position to those students seeking living accommo *905 dations in an area which lacks sufficient facilities to house these students.
Similarly, it appears that the students would not have a meaningful choice as to housing facilities as a result of the lack of adequate housing in the area.
Accordingly, clause V (6) of the agreement was unconscionable at the time made and is therefore unenforceable.
Subdivision 12 of section 63 of the Executive Law authorizes the Attorney-General to apply for an order enjoining the continuance of fraudulent acts and directing restitution "[w]henever any person shall engage in repeated fraudulent or illegal acts”. Pursuant to said section the term "fraud” or "fraudulent” includes any "unconscionable contractual provisions”.
It is clear that respondent’s acts fall within the purview of subdivision 12 of section 63 of the Executive Law. There were 280 contracts executed by students, each contract containing clause V (6). This constitutes a repeated fraudulent act as defined by the statute.
Therefore, this special proceeding was properly instituted pursuant to the authority granted by subdivision 12 of section 63 of the Executive Law.
CPLR 409 provides that "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised.”
In order to make a summary determination, "the same test and standards used when disposing of a motion for summary judgment in an action apply in resolving that question”. (Matter of Lefkowitz v McMillen, 57 AD2d 979.) "The opponent of a properly made summary judgment motion must present evidentiary facts sufficient to raise a triable issue of fact”. (Freedman v Chemical Constr. Corp., 43 NY2d 260, 264.)
In the present proceeding, petitioner has supplied the court with a form letter sent by respondent to the resident guests. Said letter and attached list of damages coupled with a copy of the agreement executed by the respondent and the students constitute a prima facie case for the relief sought by petitioner.
Respondent has asserted only general denials in its answer. In addition, respondent has submitted an affidavit but said affidavit fails to set forth any evidentiary facts or to raise any triable issue of fact.
*906 Accordingly, since respondent has failed to raise any triable issue of fact petitioner is entitled to summary judgment.
The judgment shall provide that respondent is enjoined from engaging in further fraudulent acts as set forth in the second cause of action asserted in the petition. In addition, respondent shall be directed to establish with petitioner a fund in the amount of $14,000 so that restitution to all students can be accomplished subject to supervision by this court. For this purpose, this court retains jurisdiction.