■ In the Matter of the STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, as Attorney-General, Respondent, v BEL FIOR HOTEL, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered August 29, 1979 in Sullivan County, which, in a proceeding pursuant to subdivision 12 of section 63 of the Executive Law, granted petitioner summary judgment. The Attorney-General, acting pursuant to subdivision 12 of section 63 of the Executive Law, petitioned for an order permanently enjoining and restraining the respondent hotel from conducting and transacting their hotel business in a persistently fraudulent and illegal manner, and directing restitution to all aggrieved customers. Special Term, without conducting a hearing, granted the requested relief in the form of a judgment. This appeal ensued. There must be a reversal. The respondent hotel executed individual rental agreements with 280 students at the Sullivan County Community College, covering the period from September 14, 1977 through December 23, 1977. Each contract contained the following damage deposit provisions: "[Clause III, § A] Deposit: Each Resident Guest will pay a $50.00 deposit to hold a room. This sum is non-refundable and will be applied as the damage deposit. At the end of the term if no damage occurs, this sum will be returned. [Clause V, § 6] Responsibility for Damages: In the event that it can not be determined who caused or was responsible for the damage to the Hotel property, then a reasonable cost of repair of the damage will be deducted from the Deposit fund referred to in III(A). If the damage exceeds the individual damage deposit fund and the person(s) who cause the damage can not be ascertained, or are not financially responsible, then the damage may be deducted from the Group Deposit Fund." When at the end of the contract period, the hotel retained the entire damage deposit to cover the "cost of repairing damages to the hotel property [which occurred] during the time" of the students' occupancy, the present proceeding was commenced, wherein it is alleged that clause V (6) is unconscionable and that such unconscionability constitutes fraud and illegality. In our view, the statute authorizing the Attorney-General to initiate a proceeding of this type is predicated upon a showing that the respondent "shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business" (Executive Law, § 63, subd 12). We do not believe that the provisions of a damage deposit clause in each of 280 separate but identical contracts can fairly be called "repeated" or "persistent" within the meaning of the statute. Respondent used the damage clause provision in connection with an unusual and unexpected request to provide housing for students who would otherwise lack shelter while attending college. Such an arrangement had not previously occurred despite the proximity of respondent's hotel to the college, and, given this proceeding, is unlikely to occur again. We perceive no distinction between the insertion of a common damage clause in multiple contracts to guard against reasonably perceived property damage and the imposition of a "fuel surcharge" on contracts for ocean passage to protect against rises in the price of oil because of the 1973 oil embargo, which latter provision was found by the Court of Appeals to be neither a "repeated" nor "persistent" act or, in fact, unconscionable or illegal (*Matter of State of New York v Italian Line*, 43 NY2d 851, affg 56 AD2d 533). We reject the view that a single act contemporaneously affecting multiple parties is a "repeated" or "persistent" act. Relief for such parties is available by other

means (CPLR art 9) and resort should not be had to special proceedings legislatively intended to protect consumers victimized by continuing acts of fraud or illegality. Moreover, we also conclude that Special Term erred in granting summary relief on the ground of unconscionability of contract based on inequality of bargaining positions. While unconscionability is to be determined as a matter of law *(Industralease Automated & Scientific Equip. Corp. v R.M.E. Enterprises,* 58 AD2d 482), a summary disposition must be based on the absence of triable facts. In our view, the terms of the contract do not so unreasonably favor respondent so as to be unconscionable on their face without a factual inquiry into the relative bargaining position of the parties. The record does not reveal whether the students could have secured other lodgings without subjecting themselves to like damage deposits (see *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516, 523). Judgment reversed, on the law, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Staley, Jr., and Mikoll, JJ., concur.

Greenblott, J., dissents and votes to affirm in the following memorandum. Greenblott, J. (dissenting). After receiving complaints on behalf of two students because their damage deposits were not returned, the Attorney-General, acting pursuant to subdivision 12 of section 63 of the Executive Law, brought this proceeding on June 9, 1978 for injunctive and affirmative relief. In his petition he alleged, *inter alia,* that the damage deposit provision inserted in the contracts by appellant were unconscionable and constituted persistent fraud and illegality. Special Term agreed, concluding that clause V (6) was "unconscionable as a matter of law" and granted summary judgment restraining appellant from using such contractual provisions. The court also ordered appellant to pay into a fund the amount of $14,000 so that restitution could be made to those who the Attorney-General determined were aggrieved by appellant's conduct. Subdivision 12 of section 63 of the Executive Law authorizes the Attorney-General to apply to the Supreme Court for injunctive and other relief "Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business". The term "fraud" or "fraudulent" includes "unconscionable contractual provisions" (Executive Law, § 63, subd 12). I agree with Special Term that the damage deposit provision herein was unconscionable as a matter of law. As was succinctly explained in *Williams v Walker-Thomas Furniture Co.* (350 F2d 445, 449), "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." The concept depends upon all the facts and circumstances of each case, and "unconscionability [may] appear in the content of the contract per se" *(Matter of Friedman,* 64 AD2d 70, 85). Here, the contracts were entered into for the conceded purpose of alleviating a lack of facilities to house students. The record supports Special Term's conclusion that the students were confronted with a lack of meaningful choice, resulting in inequality in bargaining power. Moreover, the terms of the damage deposit provision unreasonably favor appellant. They permitted money in the group deposit fund to be retained by appellant when damages allegedly exceeded the individual damage deposit fund and the persons who caused the damage could not be ascertained or were not financially responsible. This provision placed each student in a position of being forced to pay for damages caused by other students. The contracts contain no procedures or basis for assessing claims of damage, and they do not prevent appellant from abusing the language of the contract by summarily claiming an inability to ascertain

those who caused damage. There was also no requirement that records be kept to determine damages to the hotel so that students could ascertain whether they have been unjustifiably charged for damages. Under such circumstances, the finding that the damage deposit provisions were fraudulent within the meaning of subdivision 12 of section 63 of the Executive Law was proper. Next, I reject appellant's contention that this proceeding does not lie since the contracts were completed and carried out prior to the time the proceeding was instituted. Appellant entered into 280 contracts, and thus has committed "repeated" fraudulent or illegal acts under the statute (Executive Law, § 63, subd 12). Moreover, since it has admittedly refused to refund the damage deposits, it has engaged in "persistent fraud", which includes "continuance or carrying on of any fraudulent or illegal act or conduct" (Executive Law, § 63, subd 12). I also conclude that Special Term properly granted petitioner summary judgment. CPLR 409 (subd [b]) authorizes the court to make a "summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised." In making a summary determination, the same standards are employed as in disposing of a motion for summary judgment (*Matter of Lefkowitz v McMillen*, 57 AD2d 979), and here, appellant has failed to present any evidentiary facts sufficient to raise a triable issue of fact (*Freedman v Chemical Constr. Corp.*, 43 NY2d 260, 264) as to whether the elements of unconscionability have here been made out. As noted, the students, faced with an absence of a meaningful choice, were in a position of unequal bargaining powers, and the terms of the contract were unreasonable. Lastly, appellant's conduct was properly enjoined by Special Term as a deterrent (see *Matter of Lefkowitz v E.F.G. Baby Prods. Co.*, 40 AD2d 364, 367; *Matter of State of New York v Hotel Waldorf-Astoria Corp.*, 67 Misc 2d 90; *Matter of People v Baumann & Co.*, 56 Misc 2d 153, 159-160). I, therefore, dissent and vote to affirm. [95 Misc 2d 901.]