■ In the Matter of PRUDENTIAL BLAKE REALTY, INC., Respondent, v SCHENECTADY INDUSTRIAL DEVELOPMENT AGENCY, INC., Respondent. HENNESSY, KEMP & GALLAGHER, INC., Appellant. [679 NYS2d 453] —Cardona, P. J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 18, 1997 in Schenectady County, which, in a proceeding pursuant to CPLR

5225 and 5227, denied a motion by Hennessy, Kemp & Gallagher, Inc. to dismiss the petition.

Petitioner is a real estate brokerage company which, in February 1992, entered into an exclusive listing agreement with Broadway Center Limited Partnership (hereinafter BCLP) to lease space in a commercial office building located at One Broadway Center in the City of Schenectady, Schenectady County. BCLP was the owner of the property at the time. While this agreement was in effect, Hennessy Realty Group (hereinafter Group) leased space in the building to the State Department of Taxation and Finance pursuant to a subagency agreement it had with BCLP. Petitioner claimed entitlement to a portion of the commission received by Group and, following an arbitration hearing, was awarded $63,664.76. The arbitration award, which has not been paid to date, was confirmed by Supreme Court in October 1995 and filed in the office of the County Clerk.

In September 1993, a new real estate brokerage company, Hennessy, Kemp & Gallagher, Inc. (hereinafter Gallagher), was formed. Shortly thereafter, the president of Group notified the Albany County Board of Realtors that "[e]ffective November 1, 1993, Hennessy Realty Group, Inc. will be Hennessy, Kemp, & Gallagher, Inc.". In August 1995, Gallagher filed a certificate of assumed name with the Secretary of State indicating that it was operating under the name "Kemp & Gallagher". Group was officially dissolved on March 26, 1997.

Sometime prior to March 31, 1997, petitioner learned that Gallagher had secured a buyer for One Broadway Center and that the closing was scheduled for that date. By order to show cause, petitioner commenced this proceeding pursuant to CPLR 5225 and 5227 against respondent, the record owner of the subject property, alleging, *inter alia*, that the change in corporate name from Group to Gallagher constituted a fraudulent conveyance (*see*, Debtor and Creditor Law §§ 273-a, 274, 278) and that the arbitration award should be satisfied out of the commission received by Gallagher on the sale of One Broadway Center. Supreme Court, *inter alia*, issued a temporary restraining order prohibiting respondent from paying Gallagher a commission from the sale of One Broadway Center pending the return date of the motion. In the interim, Gallagher moved to dismiss the petition. Supreme Court denied the motion and Gallagher served an answer to the petition. Gallagher appeals.

We affirm. Initially, Gallagher contends that Group is an entirely separate entity and this precludes petitioner from

enforcing the arbitration award against it. Our review of the record, however, discloses the existence of questions of fact concerning the interrelationship between the two entities and also whether Group fraudulently conveyed its assets to Gallagher in order to avoid enforcement of the arbitration award. On the one hand, we note that Group was incorporated on March 29, 1988 and Gallagher on September 30, 1993. Each had different employer identification numbers and maintained their own unemployment insurance policies and corporate checking accounts. On the other hand, questions arise from circumstances indicating that, immediately after the incorporation of Gallagher, Group notified the Albany County Board of Realtors that it would be operating under Gallagher's name and requested the Board to transfer "all Greater Association's and CIREB [Commercial and Industrial Real Estate Brokers, Inc.] information and rights to the new company". In addition, it appears that following this notification, Gallagher assumed Group's business address, telephone number, fax number, CIREB member designation and retained Group's sales associates and principal brokers. The record is devoid of information regarding the names of the officers and shareholders of the two corporations. We also note that Group was not officially dissolved until *after* the arbitration award was rendered and confirmed. Inasmuch as there are unresolved factual issues concerning petitioner's claim of fraudulent conveyance, we conclude that Supreme Court properly denied the motion to dismiss (*see, Rebh v Rotterdam Ventures*, 252 AD2d 609, 610-611; *Pen Pak Corp. v LaSalle Natl. Bank*, 240 AD2d 384, 385-386).

In addition, Gallagher contends that respondent is not a proper party to this proceeding because it was not a signatory to the listing agreement governing the sale of the property. Gallagher entered into the listing agreement with Broadway Center, L. L. C. and Union Labor Life Insurance Company in October 1996. The listing agreement designated Broadway and Union as the seller and owner of the property. However, at the time this proceeding was commenced in March 1997, respondent was listed as the record owner of the property in records maintained in the office of the County Clerk. It is settled law that a proceeding to enforce a judgment pursuant to CPLR 5225 (b) and 5227 may only be commenced against a third party who owes or will owe property or money to the judgment debtor (*see generally*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5225:5, at 265-266). Inasmuch as it is not clear from this record what respondent's ultimate responsibility, as record owner, may be for the sales

commissions promised by Broadway and Union to Gallagher in the listing agreement, we cannot conclude as a matter of law that it was not a necessary party to this proceeding.

Finally, inasmuch as petitioner seeks to enforce a confirmed arbitration award, it may take full advantage of the enforcement devices set forth in CPLR article 52 (*see*, Siegel, NY Prac § 605, at 977 [2d ed]). Therefore, we find that Supreme Court's denial of Gallagher's motion to dismiss was in all respects proper.

Mikoll, Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.