[699 NYS2d 805]

In the Matter of Trustco Bank, National Association, Appellant-Respondent, v Steven B. Strong, Respondent-Appellant, et al., Respondents.

Third Department, December 23, 1999

## APPEARANCES OF COUNSEL

*Overton, Russell & Doerr,* Clifton Park (*Kevin J. Tollisen* of counsel), for appellant-respondent.

*Ganz & Wolkenbreit,* Albany (*Robert E. Ganz* of counsel), for respondent-appellant.

*Fernandez, Burstein & Tuczinski, P. C.,* Albany (*Daniel J. Tuczinski* of counsel), for Janet S. Fitzgerald and others, respondents.

*Hancock & Estabrook, L. L. P.,* Albany (*Patrick M. Connors* of counsel), and *Jerome K. Frost, P. C.,* Troy, for William S. Oberheim and another, respondents.

## OPINION OF THE COURT

MERCURE, J. P.

Petitioner commenced an action to foreclose a mortgage executed in its favor by 126 State Street Associates, a limited liability partnership (hereinafter the partnership), which secured the partnership's real property. Petitioner obtained a judgment of foreclosure and sale, sold the real property at a judicial sale and then obtained a deficiency judgment against the partnership in the amount of $629,994.60. In this special proceeding brought pursuant to CPLR 5227, petitioner seeks to compel respondents, general and limited partners of the partnership, to pay over funds owed by respondents to the partnership in the amount of the negative balance in each of their capital accounts as reflected in the partnership's Federal partnership return (Form 1065) for 1996 and the K-2 schedules of its partners. As relevant to this appeal, Supreme Court dismissed the petition against the limited partners and two of the general partners, respondents Steven Strong Development Corp. and Richard H. Bickle, but declined to summarily grant or dismiss the petition against another general partner, respondent Steven B. Strong (hereinafter Strong). Petitioner appeals and Strong cross-appeals.

Initially, we conclude that Supreme Court did not err in summarily dismissing the petition against the limited partners, albeit for a different reason than that expressed by Supreme Court. Unlike Supreme Court, it is our view that neither the Partnership Law nor the policy underlying limited liability partnerships serves to bar a proceeding in which a creditor seeks to recover funds that limited partners owe the partnership due to a "difference between his [or her] contribution as actually made and that stated in the certificate as having been

made * * * [or f]or any unpaid contributions which he [or she] agreed in the certificate to make in the future" (Partnership Law § 106 [1] [a], [b]). Although Partnership Law § 90 *et seq.* is designed to protect limited partners so as to encourage investment by limiting exposure to liability for debts of the business to only the capital invested by the limited partners (*see, Lichtyger v Franchard Corp.*, 18 NY2d 528, 535-536; *Lanier v Bowdoin*, 282 NY 32, 38; *Fifth Ave. Bank v Colgate*, 120 NY 381), and generally the limited partner's liability will only be to the partnership for deficits in his or her capital account (*see,* Partnership Law § 106 [1]; *Bell Sound Studios v Enneagram Prods. Co.*, 36 Misc 2d 879, 880), the Partnership Law likewise "serves to protect the legitimate expectations of creditors with regard to a limited partner's promised capital contributions" (*In re Securities Group 1980*, 74 F3d 1103, 1108) or those which, once made, have been returned to the limited partner (*see, Matter of Whitley v Klauber*, 51 NY2d 555, 563-565; *see also*, Partnership Law § 106 [3], [4]). Thus, to the extent that the deficit in a limited partner's capital account is shown to have resulted from his or her failure to make the required contributions or from the withdrawal of contributions that had been previously made, petitioner is entitled to relief.

We conclude, however, that petitioner failed to support the petition with competent evidence that the limited partners actually owed a debt to the partnership. Although the Federal partnership return and accompanying schedules annexed to the petition reflect a negative 1996 year-end capital account balance of $629,995, it appears from our review of the documents that the deficiency was caused by application of a net loss for the tax year, as well as a $286,755 "ITC Basis Reduction." In any event, petitioner submitted no expert opinion or other aid in interpreting the documents or evidence that otherwise supports an inference that the "paper" deficit in the partners' capital accounts was caused by a failure to make the required capital contributions or by a withdrawal of contributions that had been previously made.

Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence raising a material issue of fact (*see, Matter of Jones v Marcy*, 135 AD2d 887, 888; *Matter of Garofano v State of New York*, 122 AD2d 209). Therefore, the court in which the proceeding is initiated will apply summary judgment analysis and absent a factual issue requiring a trial (*see,* CPLR 410), will summarily dismiss the petition (*see,* CPLR 409 [b]; *Matter of Conduit &*

*Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 150; *Matter of Port of N. Y. Auth. [62 Cortlandt St. Realty Co.]*, 18 NY2d 250, 255, *cert denied sub nom. McInnes v Port of N. Y. Auth.*, 385 US 1006; *Matter of Jones v Marcy, supra; Matter of Garofano v State of New York, supra; Matter of Lefkowitz v McMillen*, 57 AD2d 979, *lv denied* 42 NY2d 807; *State of New York v Bel Fior Hotel*, 95 Misc 2d 901, 905; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 409.03; Siegel, NY Prac § 556, at 914-915 [3d ed]). For the reasons previously stated, we conclude that petitioner failed to satisfy its burden of establishing that any debt was owed by the limited partners to the partnership (*see,* CPLR 5227; *Matter of Prudential Blake Realty v Schenectady Indus. Dev. Agency*, 255 AD2d 622, 624) and that the petition was properly dismissed against them.

As a final matter, we agree with Supreme Court's finding that factual issues precluded the entry of judgment on the claim against Strong.

PETERS, SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.