■ Dion Friedland, Appellant, v Charles C. Hickox, Respondent, et al., Defendants. [847 NYS2d 87]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered January 2, 2007, which denied plaintiff's motion for summary judgment on his second, third, fourth and sixth causes of action and for entry of a judgment against defendant Charles C. Hickox in the amount of $2,695,092, plus interest, costs and disbursements, unanimously affirmed, with costs.

Plaintiff seeks to recover from Hickox, a limited partner in limited partnership defendant HBLS who allegedly owes a debt to HBLS in the amount of a deficiency judgment it obtained against HBLS. Based upon the partnership documents, audited financial statements and security agreement with U.S. Trust, as well as depositions taken in prior actions and affidavits submitted on this motion, the court properly found that issues of fact exist, not only as to whether Hickox's required capital contribution to the limited partnership was waived in its entirety in exchange for his posting personal assets as collateral for a loan by U.S. Trust to the limited partnership, but also whether the return of the collateral to Hickox was either a return or distribution of a capital contribution so as to entitle plaintiff to receipt of the collateral as payment of the limited partnership's debt to him (*see* CPLR 5227; Revised Limited Partnership Act (Partnership Law) §§ 121-502, 121-607; *Matter of Trustco Bank, N.A. v Strong*, 261 AD2d 25, 27 [1999]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Marlow, J.P., Nardelli, Williams and McGuire, JJ.