■ David J. Mace, Appellant, v Nicholas Tunick et al., Respondents. [60 NYS3d 314]—

In an action, inter alia, for the judicial dissolution of Pedani Realty Services, LLC, the plaintiff appeals (1) from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated May 23, 2016, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action, seeking judicial dissolution, and (2) from so much of an order of the same court dated August 5, 2016, as denied that branch of his motion which was for leave to renew his opposition to the branch of the defendants' prior motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action.

Ordered that the order dated May 23, 2016, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action is denied; and it is further,

Ordered that the appeal from the order dated August 5, 2016, is dismissed as academic in light of our determination on the appeal from the order dated May 23, 2016; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff, the defendant Nicholas Tunick (hereinafter

Tunick), and Tunick's father each held ownership interests in Ceres Chemical Co., Inc. (hereinafter Ceres). In 2007, those individuals formed Pedani Realty Services, LLC (hereinafter Pedani), which, approximately two months later, obtained title to a parcel of real property (hereinafter the property). Pursuant to a lease, Ceres occupied the property from 2007 through 2014, at which time Tunick, then the sole owner of Ceres, relocated the company out of state.

In October 2015, the plaintiff commenced this action, inter alia, for the judicial dissolution of Pedani. The defendants moved pursuant to CPLR 3211 (a), inter alia, to dismiss the first cause of action, seeking judicial dissolution. The Supreme Court granted that branch of the motion. The plaintiff then moved, inter alia, for leave to renew his opposition to the branch of the prior motion seeking dismissal of the first cause of action. That motion was also denied. The plaintiff appeals.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Although a court can consider evidentiary material submitted by a defendant in support of a motion to dismiss, the motion should not be granted unless it has been shown through this evidence "that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *see Nilazra, Inc. v Karakus, Inc.*, 136 AD3d 994, 995 [2016]).

In order to demonstrate entitlement to dissolution of a limited liability company, the member seeking such relief "must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible" (*Matter of 1545 Ocean Ave., LLC*, 72 AD3d 121, 131 [2010]; *see* Limited Liability Company Law § 702).

Here, the plaintiff alleged in the complaint that Pedani was formed for the purpose of acquiring title to and managing property to serve as Ceres' headquarters, and that it became impossible to fulfill that purpose once Ceres relocated to a different property, not owned by Pedani. Contrary to the defendants' contention and the Supreme Court's conclusion, the defendants

did not show, through the operating agreement or any other evidence, that the material fact alleged by the plaintiff regarding Pedani's purpose "is not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). In this respect, the operating agreement did not set forth any particular purpose for Pedani. The court's determination that Pedani's purpose was simply to acquire and manage property constituted an impermissible factual finding.

Moreover, the defendants were not entitled to dismissal of the first cause of action under CPLR 3211 (a) (1). Neither the operating agreement nor the leases of the property to Ceres and, upon Ceres' relocation, a third party, utterly refuted the plaintiff's allegation as to Pedani's purpose so as to conclusively establish a defense as a matter of law to the plaintiff's dissolution cause of action (*see* CPLR 3211 [a] [1]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Old Republic Natl. Tit. Ins. Co. v Junction Abstract, Inc.*, 150 AD3d 757, 758 [2017]).

Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action should have been denied.

In light of our determination, we need not consider the plaintiff's remaining contention. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.