In a proceeding pursuant to Limited Liability Company Law § 702 for, inter alia, the judicial dissolution of 3 Covert LLC, the appeals are from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered March 16, 2015, which granted the petition for judicial dissolution, and (2) a judgment of the same court entered May 26, 2015, which, upon the order, inter alia, declared 3 Covert, LLC, dissolved and appointed a receiver.
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is reversed, on the law, the order is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
 

 Ordered that one bill of costs is awarded to the appellants.
 

 The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 The parties are members of a limited liability company, 3 Covert, LLC (hereinafter the LLC), which owns a mixed-use building on Driggs Avenue in Brooklyn (hereinafter the building). The building, which is the LLC’s sole asset, contains 11 residential apartments and 1 commercial unit. According to the LLC’s operating agreement, the purpose of the LLC is “to purchase and sell residential and commercial real estate and to engage in all transactions reasonably necessary or incidental to the foregoing.”
 

 In November 2014, the petitioners, who own a combined 62.5% interest in the LLC, commenced this proceeding pursuant to Limited Liability Law § 702 seeking dissolution of the LLC and related relief. In their petition, the petitioners alleged that the appellant Shahriar Homapour (hereinafter Homapour), who owns a 12.5% interest in the LLC, had unilaterally usurped management and control over the LLC in violation of the operating agreement by, inter alia, collecting rents from the building’s tenants and depositing rental payments into newly established bank accounts, and making himself the sole signatory on such accounts. The petitioners further alleged that although the parties had reached an agreement to sell the building to an unnamed purchaser for $2.9 million, Homapour caused the agreement to collapse by refusing to produce certain of the leases he had signed with building tenants. The appellants served an answer denying the material allegations of the petition, and opposed the dissolution of the LLC, contending, inter alia, that the LLC had been operated in a profitable manner as evidenced by its 2013 tax returns.
 

 In an order entered March 16, 2015, the Supreme Court granted the petition, concluding that the record demonstrated that it was not “reasonably practicable” for the LLC to continue as intended because its management was “unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved.” A judgment entered upon the order thereafter declared the LLC dissolved and appointed a receiver.
 

 Limited Liability Company Law § 702 permits a court to direct judicial dissolution of a limited liability company “whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement.” In order to demonstrate entitlement to dissolution, the member seeking such relief “must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible” (Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131 [2010]; see Mace v Tunick, 153 AD3d 689 [2017]). In a special proceeding, such as a proceeding for the judicial dissolution of a limited liability company, “[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised” (CPLR 409 [b]). “Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence” (Matter of Trustco Bank, N.A. v Strong, 261 AD2d 25, 27 [1999]; see Matter of Centerpointe Corporate Park Partnership 350 v MONY, 96 AB3d 1401 [2012]; Matter of Garofano v State of New York, 122 AD2d 209, 210 [1986]).
 

 Here, the petitioners failed to establish their entitlement to a summary determination of the proceeding because they offered no competent evidentiary proof to support their assertions that Homapour unilaterally usurped management and control over the LLC in alleged violation of the operating agreement, and thwarted an alleged agreement for the sale of the building. Accordingly, the Supreme Court should not have summarily determined that dissolution was warranted on the ground that the management of the LLC was unable or unwilling to reasonably permit or promote the stated purpose of the LLC to be realized or achieved. We therefore remit the matter to the Supreme Court, Nassau County, for an evidentiary hearing in connection with this issue, and for a new determination of the petition thereafter (see CPLR 409 [a]; Matter of Latin Events, LLC v Doley, 120 AD3d 501, 502 [2014]).
 

 Eng, P.J., Rivera, Balkin and Barros, JJ., concur.