Gluck v Wai-Shing Li (2020 NY Slip Op 04383)





Gluck v Wai-Shing Li


2020 NY Slip Op 04383


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-00623 
2019-00908
2019-00909
 (Index No. 2344/17)

[*1]Simon Gluck, respondent,
v
Wai-Shing Li, etc., appellant.


Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for appellant.
Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated July 26, 2018, (2) an order of the same court dated December 20, 2018, and (3) an order of the same court dated January 17, 2019. The order dated July 26, 2018, insofar as appealed from, granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action for specific performance of the contract. The order dated December 20, 2018, granted that branch of the plaintiff's motion which was to compel specific performance of the contract to the extent of directing that a closing take place on or before February 6, 2019, and provided that in the event the closing did not take place as a result of the defendant's noncompliance, the "plaintiff may renew their application for sanctions in the excess of the $57,000 already awarded." The order dated January 17, 2019, insofar as appealed from, in effect, denied that branch of the defendant's motion which was, in effect, to vacate the order dated December 20, 2018, and thereupon directed the parties to close on or before January 31, 2019, and directed the defendant to deposit $40,000 with the County Clerk.
ORDERED that the order dated July 26, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated December 20, 2018, as provided that in the event the closing did not take place as a result of the defendant's noncompliance, the "plaintiff may renew their application for sanctions in the excess of the $57,000 already awarded," is dismissed, as it neither directs the parties to do anything nor constitutes a determination (see CPLR 5511, 5512[a]) and the defendant therefore is not aggrieved by that portion of that order (see CPLR 5511); and it is further,
ORDERED that the order dated December 20, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated January 17, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action in August 2017 seeking, inter alia, specific performance of a contract for the sale of certain real property in Brooklyn owned by the defendant. The plaintiff alleged that, in August 2016, he entered into a written contract with the defendant, as well as riders to the contract which the parties executed (hereinafter together the contract), whereby the defendant agreed to sell and the plaintiff agreed to purchase the property for the sum of $885,000. According to the plaintiff, he paid the defendant a down payment of $48,000, and, although he was ready, willing, and able to close the sale according to the terms of the contract, the defendant refused to close. The plaintiff further alleged that, commencing in July 2017, the defendant began to advertise the property for a higher price although the defendant had neither canceled the contract nor returned the plaintiff's down payment.
The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The plaintiff cross-moved, inter alia, for summary judgment on the cause of action for specific performance of the contract. In support of his cross motion, the plaintiff submitted a copy of the contract, which expressly permitted him to assign the contract to "a single purpose entity to be created," a subsequent written agreement signed by the defendant evidencing that the defendant had extended the time for the plaintiff to obtain a mortgage commitment until February 5, 2017, and emails and a mortgage commitment letter demonstrating that the plaintiff obtained a mortgage in the name of BP Management 4207, LLC, and advised the defendant of same within a timely fashion. The plaintiff alleged that, as a result of the defendant's refusal to close, he incurred damages of $57,843.54.
By order dated July 26, 2018 (hereinafter the July 2018 order), the Supreme Court denied the defendant's motion to dismiss the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on the cause of action for specific performance of the contract, directing that the closing take place on or before October 25, 2018.
When the closing did not take place as directed, the plaintiff moved to compel specific performance of the contract by the appointment of a referee to complete the sale and to impose sanctions against the defendant. By order dated December 20, 2018 (hereinafter the December 2018 order), the Supreme Court granted that branch of the motion which was to compel specific performance of the contract to the extent of directing that a closing take place on or before February 6, 2019. The December 2018 order also stated that in the event the closing did not take place as a result of the defendant's noncompliance, the "plaintiff may renew their application for sanctions in excess of the $57,000 already awarded."
The defendant subsequently moved, inter alia, in effect, to vacate the December 2018 order. By order dated January 17, 2019 (hereinafter the January 2019 order), the Supreme Court, in effect, denied the defendant's motion, directed the parties to close on or before January 31, 2019, and directed the defendant to deposit $40,000 with the County Clerk.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (Herzog v Marine, 170 AD3d 682, 683 [internal quotation marks omitted]). Here, contrary to the defendant's contention, the plaintiff established his prima facie entitlement to judgment as a matter of law on the cause of action for specific performance (see id. at 683; Yitzhaki v Sztaberek, 38 AD3d 535, 537).
In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the rider to the contract expressly authorized the buyer to assign the contract and did not require the defendant's consent to the assignment. To the extent that the provisions of the rider conflict with the terms in the original contract, the rider, which provides that its terms "shall govern, and survive closing," is expressly controlling (see Monaghan v Cole, 171 AD3d 558, 558-[*2]559; Home Fed. Sav. Bank v Sayegh, 250 AD2d 646, 647).
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court