Matter of Andris v 1376 Forest Realty, LLC (2023 NY Slip Op 00995)

Matter of Andris v 1376 Forest Realty, LLC

2023 NY Slip Op 00995

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-06092
 (Index No. 150879/19)

[*1]In the Matter of Stephanie Andris, etc., appellant,
v
1376 Forest Realty, LLC, et al., respondents.

Ginsburg & Misk LLP, Queens Village, NY (Joseph Gillette and Hal R. Ginsburg of counsel), for appellant.
Howard M. File, Esq., P.C., Staten Island, NY, for respondents.

DECISION & ORDER
In a proceeding, inter alia, for judicial dissolution of 1376 Forest Realty, LLC, the petitioner appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated July 30, 2020. The order denied that branch of the petitioner's cross-motion which was for summary judgment on the cause of action for judicial dissolution of 1376 Forest Realty, LLC.
ORDERED that the order is affirmed, with costs.
In April 2019, the petitioner, executor of the estate of Elizabeth Ayvis (hereinafter the decedent), a member of 1376 Forest Realty, LLC (hereinafter the LLC), with a 50% interest in the LLC, commenced this proceeding against Astrid Spatola and the LLC (hereinafter together the respondents) for judicial dissolution of the LLC and an accounting. The respondents moved pursuant to CPLR 3211(a) to dismiss the cause of action for an accounting, and the petitioner cross-moved, inter alia, for summary judgment on the cause of action for dissolution of the LLC. In an order dated July 30, 2020, the Supreme Court denied that branch of the petitioner's cross-motion. The petitioner appeals. We affirm.
Although the death of a member of a limited liability company does not trigger dissolution of that limited liability company (see Limited Liability Company Law § 701[b]), Limited Liability Company Law § 608 provides that a deceased member's executor "may exercise all of the member's rights for the purpose of settling his or her estate" (see Crabapple Corp. v Elberg, 153 AD3d 434, 435). Thus, contrary to the respondents' contention, the petitioner, as executor of the decedent's estate, has the authority to exercise the decedent's rights in the LLC for the purpose of settling the estate (see Crabapple Corp. v Elberg, 153 AD3d at 435).
Nevertheless, the petitioner failed to establish her prima facie entitlement to judgment as a matter of law dissolving the LLC. Although a 2004 agreement (hereinafter the agreement) between Spatola and the decedent allows for partition of certain property in the event of a disagreement, the agreement contains no provision entitling the petitioner to dissolution of the LLC as a matter of law. The petitioner further failed to establish as a matter of law that "it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement" (Limited Liability Company Law § 702; see Matter of FR Holdings, FLP v [*2]Homapour, 154 AD3d 936, 937). Disagreement in the operation of the LLC does not necessarily entail a finding that it is not reasonably practicable to carry on the business (see Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131). The petitioner "must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible" (id. at 131; see Matter of FR Holdings, FLP v Homapour, 154 AD3d at 937-938).
Accordingly, the Supreme Court properly denied that branch of the petitioner's cross-motion which was for summary judgment on the cause of action for judicial dissolution of the LLC (see Matter of FR Holdings, FLP v Homapour, 154 AD3d 936).
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court