TZ Vista, LLC v Helmer (2025 NY Slip Op 00694)

TZ Vista, LLC v Helmer

2025 NY Slip Op 00694

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-00095
 (Index No. 30313/20)

[*1]TZ Vista, LLC, et al., respondents, 
v
William Helmer, et al., appellants.

Welby, Brady & Greenblatt, LLP, White Plains, NY (Alan D. Singer of counsel), for appellants.
Denlea & Carton LLP, White Plains, NY (Jeffrey I. Carton and Craig M. Cepler of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated January 3, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment on their counterclaim for the judicial dissolution of TZ Vista, LLC, and granted the plaintiffs' cross-motion for summary judgment on the cause of action for specific performance.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2015, the plaintiffs Drazen Cackovic and Julia Khomut and the defendant William Helmer executed an operating agreement forming the plaintiff TZ Vista, LLC (hereinafter TZ Vista), a limited liability company (hereinafter LLC). Cackovic and Helmer signed the operating agreement as both "Members" and "Managing Members." Among the stated purposes of TZ Vista was purchasing, developing, and managing certain parcels of land. One of these parcels, identified in the operating agreement as "Parcel 7," was owned by the defendant Foot of Main, LLC (hereinafter Foot of Main), which was controlled entirely by Helmer. The operating agreement contained a purchase option giving Cackovic the irrevocable right to require TZ Vista to purchase Parcel 7 from Foot of Main, with the purchase price determined as set forth in an attachment to the operating agreement. When Cackovic timely exercised that right, Helmer refused to transfer Parcel 7 to TZ Vista.
In January 2020, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and for specific performance, directing Foot of Main and Helmer to convey Parcel 7 to TZ Vista pursuant to the operating agreement. In their answer, the defendants asserted, among other things, a counterclaim for the judicial dissolution of TZ Vista on the basis of frustration of purpose. The defendants thereafter moved, inter alia, for summary judgment on that counterclaim. The plaintiffs opposed the motion and cross-moved for summary judgment on the cause of action for specific performance by "directing Foot of Main to transfer [Parcel 7] to TZ Vista in accordance with the terms of the Operating Agreement." By order dated January 3, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion and granted the plaintiffs' cross-[*2]motion. The defendants appeal, and we affirm.
Pursuant to Limited Liability Company Law § 702, a court may decree dissolution of an LLC "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." "Dissolution is a drastic remedy" (Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, 131). A member of an LLC seeking judicial dissolution of the LLC "must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible" (Matter of 1545 Ocean Ave., LLC, 72 AD3d at 131; see Matter of Andris v 1376 Forest Realty, LLC, 213 AD3d 923, 924; Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 937-938).
Here, pursuant to paragraph 3.5(d) of the operating agreement, the members of TZ Vista waived their right to seek judicial dissolution of TZ Vista. Specifically, they waived their right to "file a complaint, or to institute any proceeding at law or in equity, to cause the termination, dissolution, or liquidation of [TZ Vista]."
In any event, even if the members of TZ Vista had not waived their right to seek judicial dissolution of TZ Vista, the defendants failed to demonstrate, prima facie, that the purpose of TZ Vista had been frustrated or that continuing TZ Vista had become financially unfeasible. In support of their motion, the defendants relied primarily on emails and an affidavit from Helmer, which reflected one or more disputes between Cackovic and Helmer and an allegation that Cackovic had "taken it upon himself to maintain the books, records and check book." However, mere "[d]isagreement in the operation of the LLC does not necessarily entail a finding that it is not reasonably practicable to carry on the business" (Matter of Andris v 1376 Forest Realty, LLC, 213 AD3d at 924; see Matter of 1545 Ocean Ave., LLC, 72 AD3d at 131). Further, to the extent that the defendants assert that there was disagreement and deadlock between the parties, paragraph 8.5 of the operating agreement specifically provides that, in the event of disagreement as to "any course of action relating to the management, conduct or operation of the Company business, either Managing Member . . . may offer in writing to sell his Membership Interest to the other Managing Member, setting forth a demanded purchase price." This paragraph sets forth subsequent procedures that will take place if such an offer is made. The defendants' submissions reflect that Helmer failed to properly follow the procedures contained in this paragraph.
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on their counterclaim for judicial dissolution of TZ Vista regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the plaintiffs' cross-motion for summary judgment on the cause of action for specific performance, the operating agreement provides that, if Cackovic exercised his rights under the purchase option in the operating agreement, Foot of Main was required to transfer Parcel 7 to TZ Vista. Pursuant to the terms of the operating agreement, the payment of the purchase price for Parcel 7 would not be simultaneous with the transfer of ownership, but rather the payment would occur only after certain specified events. Under the circumstances present here, the plaintiffs established, prima facie, their entitlement to judgment as a matter of law on the cause of action for specific performance as they timely exercised the purchase option in accordance with its terms, and TZ Vista was ready, willing, and able to perform under the operating agreement (see Kaplan v Lippman, 75 NY2d 320, 325; Gluck v Wai-Shing Li, 186 AD3d 460, 463; CNR Healthcare Network, Inc. v 86 Lefferts Corp., 59 AD3d 486, 488-489). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' cross-motion for summary judgment on the cause of action for specific performance.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court