Matter of Ribeiro v Libutti (2025 NY Slip Op 06865)

Matter of Ribeiro v Libutti

2025 NY Slip Op 06865

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-09691
 (Index No. 615066/22)

[*1]In the Matter of Marcos Ribeiro, appellant, 
vPat Libutti, respondent.

Sunshine Isaacson & Hecht, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Smith, Finkelstein, Lundberg, Isler & Yakaboski, LLP, Riverhead, NY (Frank A. Isler and Christopher Abbott of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, for judicial dissolution of Craft Master Hops, LLC, the petitioner appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated August 9, 2023. The order denied the petition.
ORDERED that the order is affirmed, with costs.
In January 2015, the parties executed a partnership agreement forming Craft Master Hops, LLC (hereinafter the LLC), with each party having a 50% interest in the LLC. In August 2022, the petitioner commenced this proceeding against the respondent for judicial dissolution of the LLC and an accounting. The respondent answered the petition and asserted several counterclaims alleging that the petitioner's misconduct constituted significant breaches of the partnership agreement. Certain actions defined as significant breaches of the partnership agreement would automatically result in the breaching party forfeiting their voting rights and, at minimum, 1% of their stake in the LLC. In reply to the respondent's answer with counterclaims, the petitioner "[d]enie[d] knowledge or information sufficient to form a belief as [to] the truth of each and every allegation(s)" asserted in the counterclaims.
In an order dated August 9, 2023, the Supreme Court denied the petition. The petitioner appeals.
Pursuant to Limited Liability Company Law § 702, a court "may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." A member of a limited liability company seeking dissolution pursuant to Limited Liability Company Law § 702 "'must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible'" (Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC, 191 AD3d 857, 863 [internal quotation marks omitted], quoting Matter of FR Holdings, FLP v Homapour, 154 AD3d 936, 937-938; Mace v Tunick, 153 AD3d 689, 690, quoting Matter of 1545 Ocean Ave., LLC, 72 AD3d 121, [*2]131). When judicial dissolution is sought on the basis that owners' deadlock has rendered continuation of a business impracticable, the court "must consider the managers' disagreement[s] in light of the operating agreement and the continued ability of [the LLC] to function in that context" (Matter of 1545 Ocean Ave., LLC, 72 AD3d at 129).
Here, the petitioner failed to demonstrate, prima facie, that the purpose of the LLC had been frustrated, rendering continued operations impracticable. The respondent alleged in his counterclaims that the petitioner had committed significant breaches of the partnership agreement, which, if proven or admitted, would establish that the respondent became the majority owner of the LLC, with sole voting power. In his reply, the petitioner "[d]enie[d] knowledge or information sufficient to form a belief" as to the counterclaims. These denials were improper because the truth or falsity of the information alleged within the counterclaims was within the knowledge of the petitioner, and the improper denials may be deemed admissions (see CPLR 3018[a]; Majerski v City of New York, 193 AD3d 715, 718; Gilberg v Lennon, 193 AD2d 646, 646). Given the petitioner's admissions to being in significant breach of the partnership agreement, the petitioner forfeited his voting rights and 1% of his stake in the LLC. Accordingly, the Supreme Court properly determined, within the context of the parties' partnership agreement, that there was no deadlock rendering continuation of the LLC impracticable (see Matter of 1545 Ocean Ave., LLC, 72 AD3d at 131).
Further, the petitioner failed to demonstrate, prima facie, that the continued operation of the LLC had become financially unfeasible. "'Unlike a complaint in a plenary action, a petition in a special proceeding must be accompanied by competent evidence'" (Matter of FR Holdings, FLP v Homapour, 154 AD3d at 938, quoting Matter of Trustco Bank, N.A. v Strong, 261 AD2d 25, 27; see CPLR 409). Here, the petitioner failed to establish that the continued operation of the LLC was financially unfeasible (see Long Is. Med. & Gastroenterology Assoc., P.C. v Mocha Realty Assoc., LLC, 191 AD3d at 863).
Contrary to the petitioner's contention, the Supreme Court did not err in denying the petition without conducting a hearing. "In a special proceeding, such as a proceeding for the judicial dissolution of a limited liability company, '[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised'" (Matter of FR Holdings, FLP v Homapour, 154 AD3d at 938, quoting CPLR 409[b]). Here, the petitioner failed to raise a triable issue of fact as to whether judicial dissolution was the proper remedy.
The petitioner's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the petition, inter alia, for judicial dissolution of the LLC.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court