■ In the Matter of MARY A. GAROFANO et al., Appellants, v STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent State of New York to immediately reimburse the petitioner Community Based Services, Inc., for certain costs and expenditures made by it, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Weiner, J.), dated November 1, 1985, which dismissed the proceeding.

Order and judgment affirmed, without costs or disbursements.

The petitioners, inter alia, sought to compel the respondent State of New York to reimburse the Community Based Services, Inc., for costs and expenditures made by it in the operation of four intermediate care facilities for developmentally disabled persons and to compel the respondent Office of Mental Retardation and Developmental Disabilities to establish a new rate setting methodology for the calculation of per diem Medicaid reimbursement rates for intermediate care facilities for developmentally disabled individuals in the State of New York.

Special Term properly dismissed the proceeding on the papers submitted by the petitioners. In regard to their claim for reimbursement, the petitioners conceded that they did not exhaust their administrative remedies as required by CPLR 7801 (1). Moreover, the record does not support the petition-

ers' contention that irreparable harm would have resulted if they were required to exhaust available administrative remedies and it cannot be said that the manner in which the respondents processed the petitioners' appeals rendered further administrative procedures futile *(see, Matter of Martin v Ambach,* 57 NY2d 1001; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57).

In regard to their claim for a new rate setting methodology, the petitioners were required to make a compelling showing of unreasonableness to mount a challenge to the methodologies in general, or, in the case or a challenge to the particular reimbursement rate of Community Based Services, Inc., they would have had to show that the rate calculations were arbitrary and capricious or that there was no reasonable basis in law or in fact to support the rate determination *(see, Matter of Samaritan Hosp. v Axelrod,* 107 AD2d 911, 914). In this case, the petitioners' papers presented no evidentiary facts to show that there was an absence of a reasonable basis for the rate determination which the respondents made or that the calculations were arbitrary and capricious. Thus, they failed to make a compelling showing of unreasonableness. "In a special proceeding, where no triable issues of fact are raised, the court must make a summary determination on the pleadings, papers and admissions as if a motion for summary judgment were before it (CPLR 409, subd [b]). The parties are obligated to submit their proofs with their pleadings 'showing such evidentiary facts as shall entitle [them] to a trial of any issue of fact' (CPLR 7804, subd [e])" *Matter of 22 Park Place Coop. v Board of Assessors,* 102 AD2d 893). Mere averments stating conclusions of fact and law are insufficient to defeat a motion for summary judgment *(see, Beacon Fed. Sav. & Loan Assn. v Marks,* 91 AD2d 1010, 1011). The petition and supporting affidavits herein failed to go any further than stating conclusions of fact. Thus, Special Term acted properly in dismissing the proceeding.

In view of the petitioners' representation of extreme financial hardship, the respondents should act as expeditiously as possible to render a determination regarding their administrative appeals. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.