■ BIG Z CAR WASH CORP., Respondent, v JOUTAR INTERNATIONAL, INC., et al., Appellants.—In an action to recover damages for breach of contract, the defendants Joutar International, Inc. and Dae Sook Oh, appeal from a judgment of the Supreme Court, Nassau County (Burstein, J.), entered February 18, 1988, which, upon granting the plaintiff's motion for summary judgment and denying their cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against them in the principal sum of $73,016.

Ordered that the judgment is affirmed, with costs.

On September 3, 1987, the plaintiff and the defendant Joutar International, Inc., whose president is the defendant Dae Sook Oh, entered into an agreement pursuant to which Joutar agreed to purchase the plaintiff's business for $700,000. A down payment of $70,000 was provided for under the agreement, $1,000 of which constituted a deposit which had been previously paid, and $69,000 of which was to be paid by check upon execution of the agreement and held in escrow until closing. The agreement also contained a clause providing for liquidated damages "[i]n the event that Purchaser, through no fault of Seller, shall be unable *or unwilling* to consumate the closing" (emphasis supplied). Because the accountants retained by the parties were unavailable at the time of the execution of the agreement to advise on the structuring of the deal for tax purposes, the parties agreed in a separate written "escrow" agreement that the original agreement would be contingent upon their reaching agreement on "allocation of purchase price and other tax structuring issues" within 20 days. It was further provided that if the parties failed to reach an agreement within the 20-day period or any mutually agreed-upon extension, both agreements would be marked "canceled" and all payments made by the individual defendant would be refunded. The agreement also stated that "[T]he parties agree to act in good faith in resolving the aforesaid tax issues".

The defendant Dae Sook Oh stopped payment on the $69,000 check within five days after signing the escrow agreement and prior to any discussion of the tax issue by the parties. The

defendants do not deny that the plaintiff agreed pursuant to the second agreement to allocate funds in accordance with their wishes. Instead they maintain that the nonoccurrence of the condition precedent of a resolution with respect to the tax allocation issue precluded any finding of anticipatory breach.

We agree with the Supreme Court that the defendants breached their duty of good-faith performance of the condition precedent contained within the escrow agreement by prematurely stopping payment on the deposit check. The defendants have failed to raise any triable issue of fact with respect to their lack of good faith and, in light of the evidence revealing their breach of this independent promise, summary judgment was properly granted to the plaintiff (see, Assing v United Rubber Supply Co., 126 AD2d 590, 591; Spearmon v Times Sq. Stores Corp., 96 AD2d 552, 553).

In addition, the Supreme Court properly enforced the liquidated damage clause set forth in the original agreement since it is clear that the parties contemplated the fulfillment of an entire indivisible contract (Barden & Robeson Corp. v Timmerman, 116 AD2d 814, 816; Tantleff v Truscelli, 110 AD2d 240, 244, affd 69 NY2d 769). Accordingly, we agree that the liquidated damages provision applied to the integrated agreement consisting of the contract of sale and the escrow agreement. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.