■ In the Matter of BIG Z CAR WASH CORPORATION, Respondent, v MOON JA OH, Appellant and Third-Party Petitioner, et al., Third-Party Respondent.—In a proceeding pursuant to CPLR 5225 (b) to set aside a fraudulent conveyance, the appeal is from so much of a judgment of the Supreme Court, Nassau County (Burstein, J.), entered August 4, 1988, as, upon its declaration that the transfer of $200,060 from Joutar International, Inc., to the appellant Moon Ja Oh was fraudulent, is in favor of the petitioner and against her in the principal sum of $73,016, and directed Korea First Bank of New York to turn over any available funds of the appellant in satisfaction of the judgment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

After an action to recover damages for breach of contract had been commenced by the petitioner against Joutar International, Inc. (hereinafter Joutar) *(see, Big Z Car Wash Corp. v Joutar Intl.,* 149 AD2d 392 [decided herewith]), and while that action was still pending Joutar transferred $200,060.36, virtually its entire bank account, to the appellant Moon Ja Oh, rendering Joutar unable to pay the judgment in the contract action. Prior to the issuance of an order to show cause to enjoin further transfers, the appellant again transferred almost all of those funds to her personal account in another bank.

The appellant maintains that the initial transfer represented money she apparently borrowed on behalf of Joutar, which was intended "to be used to repay those who opened letters of credit for [her] and Joutar". However, she failed to submit documentary evidence to support her contention that the transfer was in consideration of an antecedent debt, and failed to explain why the money allegedly owed to unnamed lenders in Korea remained in her personal bank account five months after the first transfer.

Since the defendant failed to raise any triable issue of fact to rebut the petitioner's showing on the absence of fair consideration, summary judgment on the pleadings was warranted *(see,* CPLR 409; Debtor and Creditor Law §§ 272, 273-a; *County of Dutchess v Dutchess Sanitation Servs.,* 86 AD2d 884, 885).

We have considered the remaining contentions raised by the appellant and find them to be without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.