■ 9 East 38th Street Associates, L.P., as Successor in Interest to Muriel L. Block, Doing Business as H. Block Realty Co., Appellant, v George Feher Associates, Inc., et al., Respondents. [640 NYS2d 520] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered April 17, 1995, which *inter alia,* granted the motion of defendant George Feher to dismiss plaintiff's complaint to the extent that it purported to state a cause of action against him in his individual capacity, and denied plaintiff's cross-motion to dismiss the jurisdictional defenses asserted by defendant Feher, unanimously modified, on the law, to the extent of reinstating the first cause of action as against Mr. Feher, and otherwise affirmed, without costs.

Viewing the complaint liberally and in the light most favor-

able to plaintiff, we find it sufficiently particularized to sustain the first cause of action for piercing the corporate veil and assigning personal liability to defendant. Defendant, as sole shareholder, is alleged to have exercised complete dominion and control over the corporation and to have fraudulently conveyed corporate assets to avoid the corporation's obligations under the lease *(see,* CPLR 3211 [a] [7]; *29/35 Realty Assocs. v 35th St. N. Y. Yarn Ctr.,* 181 AD2d 540; *see generally, Walkovszky v Carlton,* 18 NY2d 414). The second cause of action was properly dismissed however, as a separate cause of action to pierce the corporate veil does not exist independent from the claims asserted against the corporation *(Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135). Dismissal of the third cause of action alleging prima facie tort was also warranted by plaintiff's failure to set forth that the breach of contract was motivated by disinterested malevolence, or that it caused plaintiff to suffer special damages, two required elements of this claim *(WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257, 258, *lv denied* 81 NY2d 709). Concur—Rosenberger, J. P., Ellerin, Rubin, Kupferman and Tom, JJ.