■ MAURICE C. HAKIM, Appellant, v PAINEWEBBER, INC., et al., Respondents. [690 NYS2d 689] —In an action to recover damages based on the execution of a change of beneficiary form in connection with an Individual Retirement Account adoption agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated August 10, 1998, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff, Maurice C. Hakim, was the designated beneficiary of an Individual Retirement Account (hereinafter IRA) which was maintained at the Bank of New York in the name of Clement Hakim. Following Clement Hakim's death on June 18, 1996, the plaintiff was required to defend his claim to the funds contained in the IRA account in a proceeding commenced by the estate of Clement Hakim in the Surrogate's Court, New York County. The estate asserted that it was the beneficiary of the IRA based on a change of beneficiary designation contained in certain forms executed in connection with Clement Hakim's temporary transfer of certain securities from the IRA to an account at PaineWebber, Inc., on which the designated beneficiary was changed to "My Estate". The Surrogate's Court rejected the claims asserted by the estate.

In the present action, the plaintiff seeks to recover damages, including an amount corresponding to the amount he expended in attorneys' fees in connection with the proceeding in Surrogate's Court, from the defendant PaineWebber, Inc., and from the defendant Barry Tucker, a PaineWebber employee who allegedly "affixed" Clement Hakim's signature on the Paine-

Webber forms which included the change of beneficiary noted above. We agree with the Supreme Court that the complaint fails to state a cause of action (*see,* CPLR 3211 [a] [7]).

The complaint contains no allegation that the change of beneficiary referred to above was carried out without Clement Hakim's knowledge or consent. There is no allegation that PaineWebber or Mr. Tucker failed to abide by the instructions given to them by their client. The plaintiff's first cause of action, which is based on allegedly affixing Clement Hakim's signature to documents changing the designated beneficiary, does not allege that this was done without Clement Hakim's authorization. Instead, the first cause of action is based on an allegation that Mr. Tucker's actions in this regard violated, *inter alia,* certain internal PaineWebber rules. These allegations do not give rise to an actionable claim (*see, Feins v American Stock Exch.,* 81 F3d 1215).

The second cause of action, purportedly based on prima facie tort, contains no allegation that Mr. Tucker acted with disinterested malevolence, and thus fails to state a cause of action (*see, e.g., 9 E. 38th St. Assocs. v Feher Assocs.,* 226 AD2d 167; *Lewis v Stiles,* 158 AD2d 589). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.