■ LOSCO GROUP, Appellant, v YONKERS RESIDENTIAL CENTER, INC., et al., Respondents, et al., Defendants. [716 NYS2d 577] —In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.),

entered July 7, 1999, as granted those branches of the motion of the defendants Yonkers Residential Center, Inc., Robert Corke, and Michelle Weiss which were to dismiss the second cause of action in the complaint insofar as asserted against them and the fifth, sixth, and seventh causes of action insofar as asserted against Robert Corke, and those branches of the separate motion of the defendant Ted D'Amore which were to dismiss the fifth, sixth, and seventh causes of action insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action on December 1, 1998. The second cause of action, sought to enforce a trust on funds received in connection with an improvement to real property pursuant to Lien Law article 3-A. Such a cause of action must be interposed no more than one year after completion of the improvement (see, Lien Law § 77 [2]). Here, the improvement was completed more than one year before this action was commenced. Consequently, the second cause of action is time-barred.

Similarly, the plaintiff's fifth cause of action alleging defamation is governed by a one-year Statute of Limitations (see, CPLR 215 [3]). Because the alleged defamatory remarks were made more than one year before this action was commenced, the fifth cause of action is also time-barred. There is no merit to the plaintiff's contention that the defendants Robert Corke and Ted D'Amore are equitably estopped from asserting the Statute of Limitations as a defense.

The Supreme Court properly concluded that both the sixth cause of action, alleging tortious interference with prospective economic relations, and the seventh cause of action, alleging prima facie tort, failed to state a cause of action (see, Hakim v PaineWebber, Inc., 261 AD2d 578; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488). O'Brien, J. P., Altman, Krausman and Goldstein, JJ., concur.