■ Eva Bonanno, Appellant, v City of Rye et al., Respondents, and Felice Lanne, Defendant and Third-Party Plaintiff. Merchants Insurance Company, Third-Party Defendant. [721 NYS2d 98] —In an action, *inter alia*, to recover damages for negligence and false arrest, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered February 1, 2000, which granted the motion of the defendants City of Rye and Robert Somerville to dismiss the complaint insofar as asserted against them, and denied her cross motion for leave to file a late notice of claim.

Ordered that the order is affirmed, with costs.

General Municipal Law § 50-i provides, *inter alia*, that a negligence action against a city or any officer, agent, or employee thereof must be commenced within one year and 90 days of the accrual of the cause of action (*see,* General Municipal Law § 50-i [1] [a]). In this case, the cause of action accrued on August 13, 1996, the date the plaintiff's decedent was arrested. As a result of his death on January 15, 1997, his estate was entitled to commence an action against the respondents to recover damages for negligence until January 15, 1998, one year after his death (*see,* CPLR 210 [a]).

Similarly, because causes of action to recover damages for false arrest and false imprisonment must be commenced within one year of the accrual of the cause of action, those causes of action are also time-barred (*see,* CPLR 215 [3]). The proceedings were terminated at the time of the decedent's death on January 15, 1997. Accordingly, the plaintiff's time to commence an action against the respondents to recover damages for false arrest and false imprisonment expired January 15, 1998. As a result, this action, commenced by the filing of the summons and complaint on September 22, 1998, was untimely.

In light of our determination that the complaint against the respondents must be dismissed as untimely, the plaintiff is not entitled to file a late notice of claim. General Municipal Law § 50-e (5) provides that an extension to file a late notice of claim may not exceed the time limit for commencement of the action against the municipality (*see, Pierson v City of New York,* 56 NY2d 950; *Cohen v Pearl Riv. School Dist.,* 51 NY2d 256, 258; *Barnes v County of Onondaga,* 103 AD2d 624, *affd* 65 NY2d 664). Accordingly, the Supreme Court properly denied the plaintiff's cross motion for leave to file a late notice of claim. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.