■ RUBEN ROMAN et al., Respondents, v COMP USA, INC., Appellant, et al., Defendants. [832 NYS2d 270]—

In an action, inter alia, to recover damages for malicious prosecution, the defendant Comp USA, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated March 30, 2006, as, in effect, denied those branches of their motion which were to dismiss the causes of action alleging malicious prosecution, defamation, and false arrest.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to dismiss the causes of action alleging malicious prosecution, defamation, and false arrest are granted.

As the plaintiffs conceded at oral argument, the causes of action alleging defamation and false arrest were interposed after the expiration of the applicable one-year statute of limitations (*see* CPLR 215 [3]; *Bonanno v City of Rye,* 280 AD2d 630 [2001]; *Losco Group v Yonkers Residential Ctr.,* 276 AD2d 532, 533 [2000]). Accordingly, those causes of action should have been dismissed.

The tort of malicious prosecution has four elements: (1) commencement of a criminal proceeding, which (2) terminated in

favor of the accused, and which (3) lacked probable cause, and (4) was brought out of actual malice (*see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *Cantalino v Danner*, 96 NY2d 391, 394-395 [2001]). The record contains a Justice Court certificate of disposition dated March 10, 2004, which indicates that on March 5, 2004 certain criminal charges brought against the plaintiff Ruben Roman were dismissed. The one-year statute of limitations applicable to a cause of action for malicious prosecution (*see* CPLR 215 [3]; *Syllman v Nissan*, 18 AD3d 221, 222 [2005]) does not begin to run until favorable termination of the underlying criminal proceeding (*see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *Roche v Village of Tarrytown*, 309 AD2d 842, 843 [2003]). This action was commenced in September 2005. Assuming the March 2004 disposition was a "favorable" termination of the criminal proceeding (*see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]), this cause of action was untimely as well.

In an effort to avoid the statute of limitations on the malicious prosecution cause of action, in their brief on appeal, the plaintiffs state that it is "not clear if the [pertinent accusatory instrument] has been dismissed in its entirety." If that is the case, then an essential element of the tort of malicious prosecution (termination of the underlying criminal proceeding) is absent, and the cause of action should be dismissed for that reason.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the cause of action alleging malicious prosecution.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.