■ In the Matter of TNT PETROLEUM, INC., Respondent, v SEA PETROLEUM, INC., et al., Respondents, and YAHYA BAYAT, Appellant. [897 NYS2d 646]—In a turnover proceeding pursuant to CPLR 5225 (b), inter alia, to set aside allegedly fraudulent conveyances of assets, Yahya Bayat appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered July 23, 2009, which, upon an order of the same court dated March 12, 2009, inter alia, granting the petition to set aside fraudulent conveyances of assets of Sea Petroleum, Inc., by Yahya Bayat to himself, to pierce the corporate veils of Sea Petroleum, Inc., and True Value Gas Corp., and to compel Yahya Bayat to satisfy a money judgment entered against Sea Petroleum, Inc., and True Value Gas Corp., is in favor of the petitioner and against him in the principal sum of $275,171.59.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, it was proper for the petitioner to bring a summary proceeding pursuant to CPLR 5225 (b), rather than a plenary action pursuant to article 10 of the Debtor and Creditor Law, to set aside allegedly fraudulent conveyances (see Matter of WBP Cent. Assoc., LLC v DeCola, 50 AD3d 693, 694 [2008]; O'Brien-Kreitzberg & Assoc. v K.P., Inc., 218 AD2d 519, 520 [1995]; Planned Consumer Mktg. v Coats & Clark, 127 AD2d 355, 371-372 [1987], affd 71 NY2d 442 [1988]; Gelbard v Esses, 96 AD2d 573, 575 [1983]).

In a summary proceeding, a court is authorized to "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409 [b]; see Matter of Bahar v Schwartzreich, 204 AD2d 441, 443 [1994]; Matter of Big Z Car Wash Corp. v Moon Ja Oh, 149 AD2d 418, 419 [1989]; Matter of Garofano v State of New York, 122 AD2d 209, 210 [1986]). Here, the petitioner satisfied its prima facie burden and, in opposition, the appellant failed to raise a triable issue of fact (see CPLR 5225 [b]; Debtor and Creditor Law §§ 273, 275; Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541 [2006]; 9 E. 38th St. Assoc. v Feher Assoc., 226 AD2d 167 [1996]; Kowalski v Knox, 293 AD2d 892, 893 [2002]). Accordingly, the Supreme Court properly granted the petition. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.