LATOYA WILLIAMS, Respondent, v CVS PHARMACY, INC., et al., Appellants, et al., Defendant. [6 NYS3d 78]—

In an action, inter alia, to recover damages for false arrest, malicious prosecution, and assault and battery, the defendants CVS Pharmacy, Inc., and CVS Albany, LLC, appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated February 28, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants CVS Pharmacy, Inc., and CVS Albany, LLC, which was for summary judgment dismissing the third cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof denying those branches of the same motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against those defendants, and substituting therefor provisions denying those branches of the motion without prejudice to renewal upon the completion of discovery; as so modified, the order is affirmed, with costs payable to the plaintiff.

The plaintiff commenced this action against, among others, CVS Pharmacy, Inc., and CVS Albany, LLC (hereinafter together the CVS defendants). Shortly after they filed their answer, the CVS defendants moved for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly denied those branches of the CVS defendants' motion which were for summary judgment

dismissing the first and second causes of action, which alleged false arrest and malicious prosecution, respectively, insofar as asserted against them as time-barred. "Causes of action based on false arrest . . . accrue upon the subject's 'release[ ] from confinement' and are governed by a one-year statute of limitations" (*Bellissimo v Mitchell*, 122 AD3d 560, 560 [2014], quoting *Charnis v Shohet*, 2 AD3d 663, 663 [2003] [citations omitted]; *see Roche v Village of Tarrytown*, 309 AD2d 842, 843 [2003]). "The one-year statute of limitations applicable to a cause of action for malicious prosecution (*see* CPLR 215 [3]) does not begin to run until favorable termination of the underlying criminal proceeding" (*Roman v Comp USA, Inc.*, 38 AD3d 751, 752 [2007] [citation omitted]; *see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *347 Cent. Park Assoc., LLC v Pine Top Assoc., LLC*, 83 AD3d 689, 690 [2011]; *Roche v Village of Tarrytown*, 309 AD2d at 843).

Here, the CVS defendants failed to meet their initial burden of demonstrating that the plaintiff commenced this action more than one year following her release, or more than one year following the favorable termination of the underlying criminal proceeding against her. Accordingly, the Supreme Court properly denied those branches of the CVS defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against them as time-barred (*see* CPLR 215 [3]), regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

As the plaintiff correctly concedes, however, the Supreme Court erred in denying that branch of the CVS defendants' motion which was for summary judgment dismissing the third cause of action, which alleged assault and battery, insofar as asserted against them as time-barred. That cause of action is also governed by the one-year statute of limitations set forth in CPLR 215 (*see* CPLR 215 [3]; *see also Faiella v Tysens Park Apts., LLC*, 110 AD3d 1028, 1029 [2013]). It is undisputed that the alleged assault and battery occurred more than one year prior to the commencement of this action. Accordingly, the Supreme Court should have granted that branch of the CVS defendants' motion which was for summary judgment dismissing the third cause of action insofar as asserted against them as time-barred.

Turning to the substance of the plaintiff's remaining causes of action, the Supreme Court also properly denied those branches of the CVS defendants' motion which were for summary judgment dismissing, on the merits, the first and second

causes of action insofar as asserted against them. "A civilian defendant who merely furnishes information to law enforcement authorities, who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution" (*Johnson v Follett Higher Educ. Group, Inc.*, 113 AD3d 819, 820 [2014]). To be held liable for false arrest, "the defendant 'must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his [or her] own volition' " (*Leviev v Bebe Stores, Inc.*, 85 AD3d 736, 736-737 [2011], quoting *Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516 [2008]; *see Robles v City of New York*, 104 AD3d 829, 830 [2013]). Similarly, in order for a civilian defendant to be considered to have initiated the criminal proceeding so as to support a cause of action based on malicious prosecution, " 'it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act' " (*Lupski v County of Nassau*, 32 AD3d 997, 998 [2006], quoting *Viza v Town of Greece*, 94 AD2d 965, 966 [1983]; *see Robles v City of New York*, 104 AD3d at 830; *Mesiti v Wegman*, 307 AD2d 339, 340 [2003]). "Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney" (*Lupski v County of Nassau*, 32 AD3d at 998; *see Al Raschid v News Syndicate Co.*, 265 NY 1, 3 [1934]).

Here, the CVS defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action insofar as asserted against them. In support of that branch of their motion which was for summary judgment dismissing the first cause of action, the CVS defendants asserted that their employees' conduct did not rise to the level actionable as false arrest. In support of that branch of their motion which was for summary judgment dismissing the second cause of action, the CVS defendants argued that the plaintiff could not demonstrate that their employees played an active role in the prosecution of the plaintiff or that they acted with malice. However, the CVS defendants did not submit any evidence to affirmatively demonstrate the merit of their defense. Rather, they merely pointed to gaps in the plaintiff's proof, which is insufficient to satisfy their prima facie burden (*see Montemarano v Atlantic Express Transp.*

*Group, Inc.*, 123 AD3d 675, 675-676 [2014]). Since the CVS defendants failed to meet their initial burden, the Supreme Court properly denied those branches of their motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Since the CVS defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the fourth cause of action, which alleged civil rights violations arising from the alleged false arrest and malicious prosecution, insofar as asserted against them.

While the Supreme Court properly denied those branches of the CVS defendants' motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against them, under the circumstances of this case, including the fact that substantial discovery had yet to be conducted, the court should have denied those branches of the CVS defendants' motion without prejudice to renewal upon the completion of discovery (*see Philadelphia Indem. Ins. Co. v AMI Dev., LLC*, 111 AD3d 689 [2013]; *Taylor v Krebs*, 90 AD3d 645 [2011]). Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.