Shen v. City of N.Y.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand eighteen.

PRESENT:   BARRINGTON D. PARKER,
           RICHARD C. WESLEY,
           CHRISTOPHER F. DRONEY,
                     *Circuit Judges.*

------------------------------------------------------------------------

ZIMING SHEN,

                     *Plaintiff-Appellant,*

                     v.                                    No. 16-2780

CITY OF NEW YORK, POLICE OFFICER EVAN ARONOWITZ, POLICE OFFICER SELENA D. HOLMES, POLICE OFFICER MICHAEL MRAZ, DANIEL SHAPIRO, SPENCER BURNETT, JOHN DOE 1, POLICE OFFICER JOHN DOE 2, supervisor at precinct house, POLICE OFFICER JOHN SHULTZ,

                     *Defendants-Appellees.*[*]

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          NATHAN Z. DERSHOWITZ, Nathan Z. Dershowitz, LLC, New York, NY (Amy Adelson, Daniela Elliott, Law Offices of Amy Adelson, LLC, New York, NY, *on the brief*).

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANTS-APPELLEES CITY OF NEW YORK, POLICE OFFICER EVAN ARONOWITZ, POLICE OFFICER SELENA D. HOLMES, POLICE OFFICER MICHAEL MRAZ, JOHN DOE 1, POLICE OFFICER JOHN DOE 2, AND POLICE OFFICER JOHN SHULTZ:

MACKENZIE FILLOW, Assistant Corporation Counsel (Richard Dearing, *of counsel*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR DEFENDANTS-APPELLEES DANIEL SHAPIRO AND SPENCER BURNETT:

JOANNE FILIBERTI (Peter James Johnson, Jr., *of counsel*), Leahey & Johnson, P.C., New York, NY.

Appeal from an August 3, 2016, judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND VACATED IN PART**, and the case is **REMANDED** for proceedings consistent with this summary order.

Plaintiff-Appellant Ziming Shen appeals from a judgment of the district court granting Defendants-Appellees' motions for summary judgment. Shen challenges the dismissal of certain claims he brought pursuant to federal and state law against two photographers, six New York City police officers, and the City of New York in connection with an altercation between Shen and the photographers and Shen's subsequent arrest. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal.

2

## I. Background

On September 16, 2011, Shen and his wife exited the federal courthouse in Brooklyn, New York, after attending a court appearance in a federal criminal proceeding against them involving charges of defrauding a federal nutrition program. Upon leaving the courthouse, they encountered a group of professional news photographers covering his court appearance. As Shen approached the waiting photographers, he made punching and kicking gestures, but did not make physical contact with them. He then moved further down the sidewalk, where he encountered Defendant-Appellee Daniel Shapiro, one of the photographers. The parties dispute what occurred during this initial exchange between Shen and Shapiro, but everyone agrees that Shen's arm became entangled in the camera strap of one of Shapiro's cameras.

Once the camera strap was untangled from Shen's arm, Shen proceeded away from the courthouse, and the photographers followed him. At some point, an altercation ensued between Shapiro and Shen. The parties dispute both who initiated the encounter and what took place during it, but it ended with Shen on the ground. As a result of the altercation, Shen suffered several injuries, including a fractured shoulder, while Shapiro suffered a bloody nose, and one of Shapiro's cameras was damaged.

Following the confrontation, Shapiro called 911. During the call, Shapiro informed the 911 operator that Shen might require an ambulance and that Shen had assaulted him. New York City police then responded to the scene, and Shapiro informed

3

the officers that Shen had assaulted him. The police arrested Shen, who remained on the ground until his arrest, and transported him to the hospital for treatment of his injuries. Shen claims that, prior to his arrest, he informed the police that they were arresting the wrong person. One eyewitness also informed one of the police officers present at the scene that Shapiro was the aggressor.

Shapiro and Spencer Burnett, another photographer, went to the local police precinct. While there, the police interviewed Shapiro, who asserted that Shen assaulted him. The next day, the district attorney's office also interviewed Shapiro, who again stated that Shen attacked him. The police and the district attorney's office also interviewed Burnett, who reported that he saw only the initial contact between Shen and Shapiro immediately outside the courthouse. Shen was then charged with several New York state offenses in connection with the altercation, including assault in the third degree. In November 2011, Shapiro again signed a statement for the district attorney's office affirming his claim of assault. Burnett also reiterated his statement in February 2012. The charges were dismissed by the state court in February 2014.

Shen commenced this suit in September 2014. The second amended complaint asserted numerous federal statutory and constitutional claims and related state law claims against Shapiro, Burnett, police officers allegedly involved in responding to the altercation, and New York City. Defendants moved for summary judgment as to all of

4

Shen's claims. The district court granted defendants' motions and dismissed the action. This appeal followed.

On appeal, Shen argues that the district court erred in dismissing his federal and state claims for: (1) excessive force; (2) malicious prosecution; (3) failure to train and/or supervise; (4) negligence; and (5) violations of 42 U.S.C. §§ 1981 and 1985. We review a district court's decision to grant summary judgment *de novo*, affirming "only if the moving party has demonstrated that there is no genuine issue as to any material fact and that judgment as a matter of law is warranted." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). "In determining whether a case presents triable issues of fact, we, like the district court, may not make credibility determinations or weigh the evidence, and we must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Id.* (citations omitted).

Applying this standard of review, we affirm the majority of the district court's conclusions for substantially the same reasons stated in the district court's opinion and order. *See Shen v. City of N.Y.*, No. 14-CV-7358 (KBF), 2016 WL 4126541 (S.D.N.Y. Aug. 2, 2016). However, we vacate and remand as to the state law malicious prosecution claim against Shapiro. Although defendants argue—and the district court concluded—that some of the claims are subject to dismissal on more than one basis, we note here only those grounds that are necessary to our decision.

## II. Excessive Force Claims Against Police Officer Defendants

Shen claims that the police officers used excessive force in handcuffing him and transporting him to the hospital. Under the Fourth Amendment, a police officer may not use excessive force in effecting an arrest. *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). Whether a use of force is excessive is measured according to a standard of "'objective reasonableness," which "requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* (quoting *Bryant v. City of N.Y.*, 404 F.3d 128, 136 (2d Cir. 2005)). In assessing the reasonableness of a use of force, "we are careful to evaluate the record from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (internal quotation marks omitted). "Proper application of the test of reasonableness in this context requires careful attention to the facts and circumstances of each particular case . . . ." *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015) (alterations and internal quotation marks omitted).

We agree with the district court's conclusion that, even when the evidence is construed in the light most favorable to Shen, the record does not support a finding that the officers involved in Shen's arrest used excessive force. It is undisputed that when the officers arrived on the scene, they encountered a volatile situation—reports of a physical blows struck, evidence of injury to both parties, and a crowd in the area of combat. As to the actual use of force at issue, as the district court noted, Shen has pleaded his claim for

6

excessive force in a way that implicates the period of time only from when he was handcuffed to when he was placed in an ambulance to be transported to the hospital. Shen does not dispute that this window was very brief; indeed, when asked at his deposition "what happened next" after he had been handcuffed, Shen responded: "I think the ambulance c[a]me. They pull[ed] me on the ambulance." App. 733. Moreover, for the brief period at issue, the record shows that Shen was handcuffed with two sets of connected handcuffs because of his complaints to the officers about the shoulder injury he sustained in the altercation with Shapiro, such that his hands rested near the side of his hips rather than completely behind him. Finally, although Shen testified at his deposition that he experienced significant pain from the injury to his shoulder, including during the brief period that he was handcuffed, he has offered no evidence that the handcuffing caused him any further injury other than that he had already suffered from the encounter with Shapiro.[1]

The undisputed facts thus show that the officers responded to an incident of reported violence by handcuffing Shen, the suspected aggressor, using two sets of handcuffs to accommodate his shoulder injury and in a way that did not result in any further injury to Shen, for (as relevant here) only the brief period of time that it took to

[1] Shen argues that the district court erred in declining to consider an expert affidavit he submitted in opposition to defendants' motions for summary judgment. We identify no error in the district court's decision to exclude the affidavit, but even if the exclusion had been error, the expert opinion Shen points to—that handcuffing Shen in a certain way may have caused him pain—does not support his argument that the handcuffing caused him further injury, so any such error would be harmless.

7

place Shen in an ambulance to be transported immediately to a hospital for treatment of his injuries. In these circumstances, the district court correctly concluded that no reasonable juror could find that the officers' conduct was objectively unreasonable. Shen's excessive force claim therefore fails as a matter of law.[2]

**III.   Malicious Prosecution**

    a.   Claims against the City of New York and the Police Officers

To prevail on a malicious prosecution claim under either 42 U.S.C. § 1983 or New York state law,[3] Shen must show: (1) the initiation or continuation of a criminal proceeding against him; (2) the termination of the proceeding in his favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice. *Mitchell v. City of N.Y.*, 841 F.3d 72, 79 (2d Cir. 2016). Because lack of probable cause is a necessary element, "the existence of probable cause is a complete defense to a claim of malicious prosecution . . . ." *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003).

Here, the district court correctly concluded that the existence of probable cause defeats Shen's claim for malicious prosecution against the police officers and the City. Because Shen withdrew his false arrest claims in his opposition to summary judgment,

---

[2]  The district court also concluded that the police officers were entitled to qualified immunity for their use of the two sets of handcuffs. We need not reach that issue here.

[3]  Shen brought his malicious prosecution claim against the police officers under both § 1983 and state law. The analysis for both is the same, as Shen must make the same showing for both the § 1983 and state law claim. *See Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). As to Shapiro and Burnett, Shen brought his malicious prosecution claim only under state law, which we address below.

Appellant Br. 19–20, we need only review whether there was probable cause to pursue criminal charges against Shen after his initial arrest. *See Dufort v. City of N.Y.*, 874 F.3d 338, 351–54 (2d Cir. 2017).

It is undisputed that Shapiro called 911 and reported that he had been assaulted, and that once the police arrived, Shapiro stated to the officers that Shen had committed the assault. Shapiro's report was corroborated by his bloody nose and his damaged camera. As we have previously recognized, "[i]nformation about criminal activity provided by a single complainant can establish probable cause when that information is sufficiently reliable and corroborated." *Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994). Similarly, in the context of a false arrest claim, we have stated that "it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (quoting *Miloslavsky v. AES Eng'g Soc'y*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), *aff'd*, 993 F.2d 1534 (2d Cir. 1993)). Here, Shapiro's report of assault to the authorities and his visible injuries at the time of the officers' arrival is relevant to the decision to continue to pursue prosecution after the initial arrest. *See, e.g.*, *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (finding police had probable cause to conclude an assault had occurred, "[g]iven [the alleged victim's] version of events and his visible injuries").

9

The conflicting accounts that the officers received about Shen's responsibility for the alleged assault also did not eliminate probable cause to undertake the arrest. Shen argues that two eyewitnesses stated in their depositions that Shapiro was the aggressor, and that one of them informed Police Officer Mraz that "[the police] were arresting the wrong person." Appellant Br. 41. However, in similar circumstances involving conflicting accounts of who was at fault in a fight, "we have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Culey v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *see also Riccuiti*, 124 F.3d at 128 (finding probable cause where police officer was confronted with two conflicting accounts of altercation). More importantly for the malicious prosecution claim, following Shen's arrest, Shapiro and Burnett provided statements at the local precinct to the police, and the next day provided statements to the district attorney's office. In light of both the officers' observations at the scene and the follow-up interviews, the undisputed facts show that the police officers had probable cause to believe Shen had assaulted Shapiro and were justified in pursuing his prosecution.[4] *See Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013) (noting that probable cause in the

---

[4] Shen challenges this conclusion by the district court on the ground that the court's decision cited to four pages of deposition testimony that do not appear to have been filed by any party on the CM/ECF docket. The City defendants acknowledge this discrepancy and speculate that "one of the parties must have inadvertently included [the pages] in a courtesy copy submitted to chambers." City Appellees' Br. 29 n.5. Assuming *arguendo* that it was error for the district court to consider these pages, any such error was harmless, as Shen does not dispute the accuracy of the citations, and in any event, the district court's brief references to these pages do not support factual points that were dispositive to the court's analysis.

context of malicious prosecution has been described as "such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty"). Contrary to Shen's arguments on appeal, the relevant inquiry for probable cause is not whether a jury would have been compelled to accept the accounts of Shapiro and Burnett. As we have explained, the probable-cause standard "does not require absolute certainty." *Boyd v. City of N.Y.*, 336 F.3d 72, 76 (2d Cir. 2003). Moreover, Shen has failed to offer any basis on which to conclude that the probable cause against him "dissipate[d]" based on "the discovery of some intervening fact" that made apparent "the groundless nature of the charge." *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (quoting *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996)). Because the existence of probable cause defeats Shen's claim of malicious prosecution as to the City and the police officers, the district court properly granted summary judgment on this claim as to these defendants.

   b. Claim Against Shapiro

However, we reach a different result as to Defendant Shapiro. We first distinguish probable cause for the claim against Shapiro from the claim against the police officers. In the context of a malicious prosecution claim under New York state law, a plaintiff can defeat a showing of probable cause "by evidence establishing that the police witnesses have not made a complete and full statement of facts . . . to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence[,] or otherwise acted in bad faith." *Torres v. Jones*, 47 N.E.3d 747, 762 (N.Y. 2016) (quoting

11

*Colon v. City of N.Y.*, 455 N.E.2d 1248, 1250 (N.Y. 1983)); *see also Dufort*, 874 F.3d at 353 (noting that plaintiff bore the burden of "establishing that Defendants misled . . . the prosecutors by either withholding or misrepresenting evidence" in order to overcome presumption of probable cause); *Rothstein v. Carriere*, 373 F.3d 275, 283–85 (2d Cir. 2004) (applying this exception for probable cause to malicious prosecution claim against government cooperator). New York courts have long made clear that this exception to the finding of probable cause applies where a private citizen provides false information to law enforcement. *See, e.g.*, *Ramos v. City of N.Y.*, 285 A.D.2d 284, 300 (1st Dep't 2001) ("The record here, for the present motion, sufficiently supports plaintiff's claim, for purposes of denying defendant's motion, that witnesses had not made a complete and full statement of facts either to . . . the District Attorney, that they had misrepresented or falsified evidence, and that they sufficiently withheld evidence or otherwise acted in bad faith, which, if proved, would overcome the presumption of probable cause. At this stage of the proceeding, it cannot be found as a matter of law that defendant prosecuted plaintiff with probable cause and without malice.").

In this case, a genuine dispute of material fact exists regarding whether Shapiro misrepresented his altercation with Shen to the arresting officers, and later at the precinct, and still later to the district attorney's office. Two disinterested witnesses who saw the altercation testified in their depositions that Shapiro was the aggressor. One of these witnesses reported this claim to the police at the time of Shen's arrest. In addition, Shen

himself protested that he was innocent. These facts place the veracity of Shapiro's account into substantial question, and prevent summary judgment as to whether there was probable cause for the malicious prosecution claim against Shapiro.

As a result, we turn to the other elements of Shen's malicious prosecution claim against Shapiro. For reasons similar to those above, we conclude that genuine disputes of material fact exist as to the other elements of Shapiro's claim. First, as to the initiation or continuation of a criminal proceeding element, New York courts have indicated that providing false information to the police may satisfy this element. *See Williams v. CVS Pharmacy, Inc*., 126 A.D.3d 890, 892 (2d Dep't 2015) (noting that "giving false information to the authorities" may constitute initiation if, "at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney"); *Weiss v. Hotung*, 26 A.D.3d 855, 857 (4th Dep't 2006) (noting that "intentionally g[i]v[ing] false information to the police" could constitute "commencement of the criminal proceeding against plaintiff"). These same facts are probative of malice, the fourth element in a malicious prosecution claim. *See Torres*, 47 N.E. 3d at 762 ("[T]he plaintiff may show malice and overcome the presumption of probable cause with proof that the defendant falsified evidence in bad faith and that, without the falsified evidence, the authorities' suspicion of the plaintiff would not have fully ripened into probable cause."). In addition, Shen testified in his deposition that Shapiro cursed at him and used a racial epithet against him, which also place the malice

13

question into dispute. Thus, summary judgment is inappropriate as to elements one, three, and four of Shen's malicious prosecution claim against Shapiro.

Finally, Shen clearly satisfies the favorable termination element of a malicious prosecution claim. The charges against him were dismissed on speedy trial grounds, and under New York law, a speedy trial dismissal constitutes favorable termination. *See Rogers v. City of Amsterdam*, 303 F.3d 155, 160 (2d Cir. 2002). Thus, we conclude triable issues of fact exist regarding Shen's malicious prosecution claim as to Shapiro.

Before turning to Defendant Burnett, we must resolve one final issue. The district court also dismissed the state-law malicious prosecution claims as time-barred. The district court erred in this respect: New York's one-year statute of limitations commences only upon favorable termination of a prosecution. *Williams*, 126 A.D.3d at 891. Here, the charges against Shen were dismissed on February 23, 2014, and he filed his complaint within one year, on September 11, 2014. On appeal, the defendants concede that the claims were timely. Thus, the statute of limitations does not bar Shen's malicious prosecution claim against Shapiro.

c. <u>Claim Against Burnett</u>

The rationale that requires us to remand to the district court the malicious prosecution claim as to Shapiro does not apply to Burnett.[5] Shen concedes in his brief that Burnett was present only at the initial encounter immediately outside the courthouse.

---

[5] In his opposition to defendants' motions for summary judgment, Shen abandoned all other claims as to Burnett except for the malicious prosecution claim.

Appellant Br. 40. In his statements to the police and district attorney, that followed Shen's arrest, Burnett reported only as to Shen's actions when Shen immediately left the courthouse, and did not represent that he was present at the later altercation when Shen was injured. Specifically, Burnett represented that "[Shen] did repeatedly kick at and swing [his] arms at [Burnett], [Shapiro], and other photographers." App. 343. In his deposition, Shen did not contest that he made such gestures while exiting the courthouse, and the record (including numerous photographs) establishes that Shen did so. *See, e.g.*, App. 631. Accordingly, we conclude that there is not a genuine dispute of material fact regarding whether Burnett also misled the police, and affirm the district court's grant of summary judgment as to Burnett.

On remand, given the dismissal of all claims over which the district court has original jurisdiction, the court may decline to exercise supplemental jurisdiction over this remaining state law claim. 28 U.S.C. § 1367(c)(3); *see Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The court should balance the factors of "judicial economy, convenience, fairness, and comity" in making this discretionary determination. *Id.* at 305 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

**IV.**   *Monell* **Claim against the City of New York**

Shen argues that the district court abused its discretion in denying him the opportunity to amend his complaint to clarify that Count 16, which was pleaded as a pendent state-law claim, was in fact a federal claim for *Monell* liability against the City

15

pursuant to 42 U.S.C. § 1983. We identify no abuse of discretion here, where Shen's request for leave to amend was filed nearly two months after the district court issued an order adjourning the pretrial schedule in the case in light of the court's intention to grant summary judgment for defendants. Moreover, any such amendment would have been futile, as *Monell* does not create liability absent an independent constitutional violation, *see Segal v. City of N.Y.*, 459 F.3d 207, 219 (2d Cir. 2006), and the district court correctly granted summary judgment as to Shen's underlying constitutional claims. We therefore reject Shen's arguments with respect to his purported *Monell* claim against the City.

### V.     Negligence Claim against Shapiro

Shen challenges the district court's dismissal of his state-law negligence claim, arguing that the court erred in concluding that the claim did not sound in negligence because the underlying conduct by Shapiro was intentional. More specifically, Shen contends that he is permitted to plead alternative claims, so the allegations of intentional assault do not preclude him from also asserting a negligence claim on the theory that Shapiro is liable for "chasing Shen while carrying dangerous equipment and accidentally injuring him." Appellant Reply Br. 18. Although this may be possible as a legal theory, Shen's argument finds no support in the record. As the district court noted, Shen testified that Shapiro "attack[ed] [him]," "grabbed [him]," "us[ed] a camera to hit [him]," "pulled [him] down to the ground," and "us[ed] his knee to hit [him]." App. 674–76, 706, 714.

16

Shapiro also acknowledged the intentional nature of his conduct, testifying that he intended to bring Shen to the ground and "shoved him down." *Id.* at 1040–41.

Under New York law, "once intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently." *Smith v. Cty. of Erie*, 295 A.D.2d 1010, 1011 (4th Dep't 2002) (quoting *Salimbene v. Merchants Mut. Ins. Co.*, 217 A.D.2d 991, 994 (4th Dep't 1995)). Because the record here, construed in the light most favorable to Shen, shows that "[t]he 'touching' of [Shen] was neither inadvertent nor accidental," Shen has asserted a claim "for an assault, not negligent behavior." *Locke v. N. Gateway Rest., Inc.*, 233 A.D.2d 578, 579 (3d Dep't 1996); *see also Cagliostro v. Madison Square Garden, Inc.*, 73 A.D.3d 534, 535 (1st Dep't 2010) (dismissing negligence claim as "simply contrary to [plaintiff's] testimony that he was 'pushed,' 'grabbed,' 'pulled,' and 'manhandled'"). We therefore conclude that the district court properly granted summary judgment as to Shen's negligence claim.

## VI.    Violations of §§ 1981 and 1985

Finally, Shen argues that the district court erred in dismissing two claims—for violations of 42 U.S.C. §§ 1981 and 1985—on the basis that Shen's opposition to summary judgment did not address those claims.[6] We have explained that, "in the case of a counseled party, a court may, when appropriate, infer from a party's partial

---

[6] These claims include Shen's allegation of a conspiracy between Shapiro and a police officer to violate Shen's civil rights.

17

opposition that relevant claims . . . that are not defended have been abandoned." *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014). Such an inference was appropriate here, especially in light of the statement by plaintiff's counsel that he planned to withdraw many of the claims at issue. Shen's argument that the district court erroneously dismissed these claims therefore fails.

\* \* \*

We have considered Shen's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and we **REMAND** the case to the district court for proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court