Williston v Jack Resnick & Sons, Inc. (2019 NY Slip Op 08247)





Williston v Jack Resnick & Sons, Inc.


2019 NY Slip Op 08247


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2016-12954
 (Index No. 508011/16)

[*1]Hugh Williston, respondent, 
v
Jack Resnick & Sons, Inc., et al., appellants.


Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Richard C. Prezioso of counsel), for appellants.
Levidow, Levidow & Oberman, P.C. (Diamond & Diamond, LLC, Brooklyn, NY [Stuart Diamond], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for malicious prosecution and false imprisonment, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 3, 2016. The order denied their motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action to recover damages for malicious prosecution and false imprisonment. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. By order dated November 3, 2016, the Supreme Court denied the defendants' motion, and the defendants appeal.
We agree with the Supreme Court's determination that dismissal of the complaint was not warranted based upon documentary evidence. The evidence submitted by the defendants did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see Feldshteyn v Brighton Beach 2012, LLC, 153 AD3d 670, 670-671; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714; HSBC Bank, USA v Pugkhem, 88 AD3d 649, 651).
However, the Supreme Court should have granted the defendants' motion to dismiss the complaint for failure to state a cause of action. "On a motion to dismiss the complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704). "However, where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not [*2]eventuate'" (Fishberger v Voss, 51 AD3d 627, 628, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"A civilian defendant who merely furnishes information to law enforcement authorities, who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution" (Johnson v Follett Higher Educ. Group, Inc., 113 AD3d 819, 820). "To be held liable for false arrest, the defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his [or her] own volition" (Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892 [internal quotation marks omitted]). "Similarly, in order for a civilian defendant to be considered to have initiated the criminal proceeding so as to support a cause of action based on malicious prosecution, it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (id. at 892 [internal quotation marks omitted]). "Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney" (id. at 892 [internal quotation marks omitted]). Here, the plaintiff's complaint and his affidavit in opposition to the motion merely alleged that the defendants provided false information to the police, and therefore, did not establish that the plaintiff has a cause of action to recover damages for malicious prosecution or false arrest against the defendants (see Lupski v County of Nassau, 32 AD3d 997, 998-999; Paisley v Coin Device Corp., 5 AD3d 748, 749-750; O'Connell v Luebs, 264 AD2d 385).
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court